## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR MONDELLI,<br><br>Plaintiff,<br><br>v.<br><br>BERKELEY HEIGHTS POLICE DEPARTMENT, et al.,<br><br>Defendants. | Civil Action No.:<br>2:14-cv-06196(KSH)(CLW) |

## DEFENDANTS BERKELEY HEIGHTS POLICE DEPARTMENT, MICHAEL DELIA, AND THOMAS BOCKO'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(b)(6)

McElroy, Deutsch, Mulvaney
 & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
(973) 993-8100
Attorneys for Defendants,
Berkeley Heights Police Department, Michael Delia and Thomas Bocko

Of Counsel:

    Robert C. Scrivo, Esq.

On the Brief:

    Lawrence S. Cutalo, Esq.
    Andrew Gimigliano, Esq.

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ....................................................................... 1

STATEMENT OF PERTINENT FACTS AND PROCEDURAL HISTORY .............................. 4

APPLICABLE STANDARDS OF REVIEW.................................................... 5

     A.     Standard Governing Rule 12(b)(6) Motions to Dismiss. ...................................... 5

     B.     Standard Governing Claim under 42 U.S.C. § 1983............................................. 6

LEGAL ARGUMENT............................................................................... 7

     POINT ONE
          PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS TO THE
          BERKELEY HEIGHTS POLICE DEPARTMENT BECAUSE THE
          BEREKELY HEIGHTS POLICE DEPARTMENT IS NOT A PROPER
          DEFENDANT UNDER SECTION 1983 .............................................. 7

     POINT TWO
          PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT
          FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE
          GRANTED .................................................................................. 8

          A       Plaintiff's Conspiracy Claim Should Be Dismissed Because Plaintiff Has
                  Failed to Allege Facts Sufficient to Sustain a Cause of Action for
                  Conspiracy. ...................................................................... 8

          B.      Plaintiff Has Failed to Allege Facts Sufficient to Support His Equal
                  Protection and Due Process Claims. ........................................ 10

          C.      Plaintiff Has Failed to Allege Facts Sufficient to Support His Retaliation
                  Claim................................................................................ 16

          D.      Plaintiff Has Failed to Allege Facts Sufficient to Support His Claim under
                  the New Jersey Civil Rights Act. ........................................... 17

     POINT THREE
          PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS TO
          MICHAEL DELIA, JOHN DOE 1, JOHN DOE 2, AND THOMAS
          BOCKO BASED ON THE DOCTRINE OF QUALIFIED IMMUNITY .......... 18

CONCLUSION.................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Albright v. Oliver*,
510 U.S. 266, 271 (1994) ................................................................. 6, 12

*Andree v. Ashland Cnty.*,
818 F.2d 1306, 1311 (7th Cir. 1987) ............................................... 15

*Arcand v. Brother Int'l Corp.*,
673 F. Supp. 2d 282, 290-91 (D.N.J. 2009) ...................................... 6

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009) ................................................................. 5

*Bd. of Regents v. Roth*,
408 U.S. 564, 577 (1972) ................................................................. 14

*Beck v. Prupis*,
529 U.S. 494 (2000) ......................................................................... 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ......................................................................... 5

*Borough Pawn, LLC v. City of N.Y.*,
640 F. Supp. 2d 268, 287 (S.D.N.Y. 2009) ...................................... 15

*Breithaupt v. Abram*,
352 U.S. 432, 435 (1957) ................................................................. 13

*Capogrosso v. The Supreme Court of N.J.*,
588 F.3d 180, 185 (3d Cir. 2009) ..................................................... 8

*Chicarelli v. Plymouth Garden Apartments*,
551 F. Supp. 532, 539 (E.D. Pa.1982) ............................................. 9

*City of Cleburne v. Cleburne Living Center, Inc.*,
473 U.S. 432, 439 (1985) ................................................................. 10

*Collins v. City of Harker Heights*,
503 U.S. 115, 125 (1992) ................................................................. 13

*Cotz v. Mastroeni*,
976 F. Supp. 2d 332, 362 (S.D.N.Y. 2007) ...................................... 15

*Crawford-El v. Britton*,
   523 U.S. 574, 588 (1998) ................................................................ 18

*Davis v. Scherer*,
   468 U.S. 183, 190-91 (1984) ........................................................... 18

*Estate of Smith v. Macasco*,
   318 F.3d 497, 511-12 (3d Cir. 2003) .............................................. 16

*Felicioni v. Admin. Office of the Courts*,
   404 N.J. Super. 382, 400 (App. Div. 2008) .................................... 17

*Fowler v. UPMC Shadyside*,
   578 F.3d 203, 211 (3d Cir. 2009) ...................................................... 6

*Gibson v. Superintendent of New Jersey Dep't of Law & Pub. Safety*,
   411 F.3d 427 (3d Cir. 2005) ............................................................. 17

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*,
   615 F.3d 159, 166 (3d Cir. 2010) .................................................... 14

*Harlow v. Fitzgerald*,
   457 U.S. 800, 818 (1982) ................................................................ 18

*Harvey v. Plains Twp. Police Dep't*,
   421 F.3d 185, 189 (3d Cir. 2005) ...................................................... 6

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410, 1429 (3d Cir.1997) .................................................... 5

*Maciariello v. Sumner*,
   973 F.2d 295, 298 (4th Cir. 1992) .................................................. 18

*McConkie v. Nichols*,
   446 F.3d 258 (1st Cir. 2006) ........................................................... 15

*Mitchell v. Forsyth*,
   472 U.S. 511, 526-27 (1985) ........................................................... 18

*PBA Local No. 38 v. Woodbridge Police Dep't.*,
   832 F. Supp. 808, 825-26 (D.N.J. 1993) ............................................ 7

*PG Publishing Co. v. Aichele*,
   705 F.3d 91, 115 (3d Cir. 2013) ...................................................... 11

*Phillips v. County of Allegheny*,
    515 F.3d 224, 243 (3d Cir. 2008)...................................................................... 11

*Plyler v. Doe*,
    457 U.S. 202, 216, (1982) .............................................................................. 10

*Prince v. Aiellos*,
    No. 09-5429, 2010 WL 4025846, at *28 (D.N.J. Oct. 12, 2010)........................... 8

*Purcell v. Coughlin*,
    790 F.2d 263, 265 (2d Cir. 1986) ..................................................................... 15

*Ramos v. Flowers*,
    429 N.J. Super. 13, 21 (App. Div. 2012) ............................................................ 7

*Saucier v. Katz*,
    533 U.S. 194 (2001) ....................................................................................... 18

*Shearin v. E.F. Hutton Group, Inc.*,
    885 F.2d 1162, 1166 (3d Cir. 1999)................................................................... 9

*Spencer v. Steinman*,
    968 F. Supp. 1011, 1020 (E.D. Pa.1997) ............................................................ 8

*Startzell v. City of Philadelphia*,
    533 F.3d 183, 205 (3d Cir. 2008) ...................................................................... 8

*Sweetman v. Borough of Norristown*,
    554 Fed. Appx. 86, 89-90 (3d Cir. 2014)........................................................... 15

*Torrey v. New Jersey*,
    No. 13-1192, 2014 WL 941308, at *13 (D.N.J. Mar. 11, 2014)............................ 8

*Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*,
    140 F.3d 478, 483 (3d Cir. 1998)...................................................................... 5

*United Artists Theatre Circuit v. Twp. Of Warrington*,
    316 F.3d 392 (3d Cir. 2003)............................................................................ 15

*Village of Willowbrook v. Olech*,
    528 U.S. 562, 564 (2000) ............................................................................... 11

*Warth v. Seldin*,
    422 U.S. 490, 501, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975) ............................... 5

*West v. Atkins*,
    487 U.S. 42, 48 (1988) ................................................................................................. 6

*Wilkerson v. Utah*,
    99 U.S. 130 (1878) ...................................................................................................... 12

*Williams v. Alabama State Univ.*,
    102 F.3d 1179, 1182-84 (11th Cir. 1997) .............................................................. 19

## PRELIMINARY STATEMENT

Defendants Berkeley Heights Police Department, Michael Delia, and Thomas Bocko (collectively "Municipal Defendants") submit this brief in support of their motion to dismiss Plaintiff's Complaint pursuant to *Federal Rule of Civil Procedure* 12(b)(6).  The claims brought against the Municipal Defendants stem from a long-running legal dispute between Plaintiff and the other defendants in this action involving property that was previously owned by Plaintiff and his family.  The dispute included, inter alia, a bankruptcy action, a foreclosure action, a general equity action, a landlord tenant action, and a fraudulent conveyance action.  On July 30, 2012, the Superior Court of New Jersey, General Equity Part, entered an Order quieting title against Plaintiff and enjoining Plaintiff from interfering with the development of the property.  In short, the Superior Court divested Plaintiff of any rights in the subject property.

Nevertheless, Plaintiff refused to recognize the Superior Court's decision and continually asserted that he maintained a property interest in a Garden Stand located on the subject property.  Now, Plaintiff attempts to drag the Municipal Defendants into this private dispute by tacking on meritless claims including conspiracy under Section 1983 and the New Jersey Civil Right Act— seven (7) years after the legal battle began and after these claims could have been raised in the prior Superior Court actions.  Plaintiff's failure to allege a single fact against the Municipal Defendants until Paragraph 86 of his Complaint demonstrates their tangential relationship to Plaintiff's now fully and finally adjudicated dispute with the other defendants.

The Municipal Defendants had no role in this dispute until after the other defendants allegedly broke into the Garden Stand and removed and disposed of personal property belonging to Plaintiff.  Plaintiff alleges that he reported the supposed break-in to the Berkeley Heights Police Department and Zoning Officer Thomas Bocko.  Plaintiff then contends that, as a result of

his report, members of the Police Department informed him that he would be arrested for trespass if he entered the subject property. Plaintiff claims that the Police Department's actions were improper despite the Order quieting title and enjoining Plaintiff's interference with the development of the property. Notably, the allegation against Zoning Officer Bocko is limited to a claim that Bocko allegedly informed Plaintiff that the other defendants would be permitted to sell Christmas Trees from the Garden Stand, despite Plaintiff's lack of any property right therein. Finally, Plaintiff baldly alleges that the Police Department provided security for the supposed break in at the Garden Stand. All of Plaintiff's allegations are conclusory and without factual and legal support.

Plaintiff's Complaint asserts a myriad of constitutional violations against the Municipal Defendants under 42 U.S.C. Section 1983 and the New Jersey Civil Rights Act. Plaintiff's meritless allegations against the Municipal Defendants include a conspiracy to violate constitutional rights, equal protection and due process violations, and a retaliation claim. Plaintiff also alleges outrageous and wholly unsupportable constitutional violations, such as cruel and unusual punishment and violations of parental rights, which lack any factual or legal basis.

Plaintiff's Complaint should be dismissed as to Municipal Defendants in its entirety. As an initial matter, it is well settled that a municipal police department is not a proper defendant in a civil rights action and the action should be dismissed against the Police Department for that reason. Furthermore, the remaining Municipal Defendants were named in an individual capacity and, based on the facts alleged, possess qualified immunity because their conduct clearly was objectively reasonable and did not violate any of Plaintiff's rights. Thus, the Complaint should be dismissed in its entirety as to Michael Delia and Thomas Bocko.

2

Moreover, Plaintiff's Complaint fails to meet the basic pleading standards to state a claim for relief under *Rule* 12(b)(6). Plaintiff's Complaint is speculative, lacks any supporting facts, and contains simple boilerplate language that merely parrots constitutional language. Indeed, the Complaint is littered with threadbare conclusions and lacks sufficient factual allegations to survive a motion to dismiss. In short, Plaintiff's Complaint fails to state a claim upon which relief should be granted and, therefore, should be dismissed in its entirety as to the Berkeley Heights Police Department, Michael Delia, Thomas Bocko, John Doe 1, and John Doe 2.

## <u>STATEMENT OF PERTINENT FACTS AND PROCEDURAL HISTORY</u>

In the interest of judicial economy, Municipal Defendants rely on the Statement of Facts submitted with the Motion to Dismiss filed by Defendants Fischer, Porter & Thomas, P.C. and Arthur L. Porter, Jr., Esq.  (*See* Dkt. No. 18.) Municipal Defendants additionally direct the Court to the allegations contained in Plaintiff's Complaint.  (*See* Dkt. No. 1.)

## APPLICABLE STANDARDS OF REVIEW

**A.  Standard Governing Rule 12(b)(6) Motions to Dismiss.**

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b), all well-pled allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429 (3d Cir.1997); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").  Indeed, the Supreme Court has made clear that conclusory allegations do not satisfy basic federal pleading requirements.  *Iqbal*, 556 U.S. 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).  A court is not bound to accept as true any legal conclusion even if couched as a factual allegation.  *Iqbal*, 556 U.S. 678.  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face."  *Id.* at 697.

A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Ultimately, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to show such an entitlement with

its facts." *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 290-91 (D.N.J. 2009) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (internal quotations omitted). "Plausibility" requires more than "a sheer possibility that a defendant has acted unlawfully" or facts merely "consistent with" that conclusion. *Id.*

    **B.**  **Standard Governing Claim under 42 U.S.C. § 1983.**

Under Section 1983, a person can bring a claim against a government entity for violation of federally protected rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (stating that [Section] 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred"). "To state a claim under [Section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## LEGAL ARGUMENT

## POINT ONE

## PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS TO THE BERKELEY HEIGHTS POLICE DEPARTMENT BECAUSE THE BEREKELY HEIGHTS POLICE DEPARTMENT IS NOT A PROPER DEFENDANT UNDER SECTION 1983

Plaintiff has named the Berkeley Heights Police Department as a defendant in the within § 1983 action. However, the law is well settled that a municipal police department is not a proper defendant under § 1983. *PBA Local No. 38 v. Woodbridge Police Dep't.*, 832 F. Supp. 808, 825-26 (D.N.J. 1993). In fact, "[t]he numerous courts that have considered the question of whether a municipal police department is a proper defendant in a § 1983 action have unanimously reached the conclusion that it is not." *Id.* (citing cases). Thus, § 1983 actions brought against municipal police departments should be dismissed. *See id.* Therefore, the § 1983 action brought against the Berkeley Heights Police Department should be dismissed.

In addition, Plaintiff's New Jersey Civil Rights Act claim should be dismissed for the same reason. Even though the text of the New Jersey Civil Rights "does not contain or refer to any immunities," courts have looked to § 1983 as a federal analog in interpreting the New Jersey Civil Rights Act. *See Ramos v. Flowers*, 429 N.J. Super. 13, 21 (App. Div. 2012). Indeed, the New Jersey Legislature stated that the New Jersey Civil Rights Act was "modeled on the federal civil rights law which provides for a civil action for deprivation of civil rights." *Id.* at 23. Accordingly, it can be inferred that a municipal police department is not a proper defendant under the New Jersey Civil Rights Act because the same holds true under § 1983. Thus, Plaintiff's New Jersey Civil Rights Act claim should be dismissed as to the Berkeley Heights Police Department.

7

### POINT TWO

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**A.     Plaintiff's Conspiracy Claim Should Be Dismissed Because Plaintiff Has Failed to Allege Facts Sufficient to Sustain a Cause of Action for Conspiracy.**

Plaintiff's first claim for relief is based on an alleged conspiracy to violate his Fourth, Fifth, and Fourteenth Amendment rights.  Plaintiff does not specify how his rights allegedly were violated but rather generally asserts deprivation of due process rights and the use and enjoyment of property.  (Compl. ¶ 97.)  Nor does Plaintiff even plead the factual elements of a conspiracy. Plaintiff's allegations are conclusory, speculative, and insufficient to sustain a cause of action.

"To constitute a civil conspiracy under § 1983, 'there must be a meeting of the minds.'" *Torrey v. New Jersey*, No. 13-1192, 2014 WL 941308, at *13 (D.N.J. Mar. 11, 2014) (quoting *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008)). "Thus, in order to survive a Rule 12(b)(6) motion, Plaintiffs 'allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action.'" *Id.* (quoting *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009)). "In this regard, a plaintiff must allege that 'two or more co-conspirators reached an agreement for the purpose of depriving him of his constitutional rights under color of state law.'" *Id.* (quoting *Prince v. Aiellos*, No. 09-5429, 2010 WL 4025846, at *28 (D.N.J. Oct. 12, 2010)). "It is not enough to allege that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." *Id.* (quoting *Spencer v. Steinman*, 968 F. Supp. 1011, 1020 (E.D. Pa.1997)).  "Rather, Plaintiff must plead sufficient facts to show that the alleged conspirators 'directed themselves toward an

unconstitutional action by virtue of a mutual understanding or agreement.'"   *Id.* (quoting *Chicarelli v. Plymouth Garden Apartments*, 551 F. Supp. 532, 539 (E.D. Pa.1982)).

Here, Plaintiff's first claim simply parrots the "meeting of the minds" language without providing any factual basis for a conspiracy.  (*See* Compl. ¶¶ 96-97.)  Plaintiff has not pled any facts to demonstrate an agreement and concerted action, nor has Plaintiff "pled any facts that plausibly suggest a meeting of the minds between" any of the Defendants.  *Torrey*, 2014 WL 941308, at *13 (citing *Twombly*, 550 U.S. at 556 ("Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.")).

Indeed, Plaintiff has failed to identify which Defendants agreed to conspire or what they conspired to do, and Plaintiff fails to identify the actual agreement of the alleged co-conspirators or how the agreement was made.  Rather, Plaintiff simply concludes that unspecified conduct proves the existence of a conspiracy.  (Compl. ¶ 97.)  Plaintiff's allegations insufficiently rest on pure speculation.

Moreover, Plaintiff has failed to allege any facts that demonstrate an approximate time when an agreement was reached or in relation to the duration of the supposed conspiracy.  *See id.* (citing *Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162, 1166 (3d Cir. 1999) ("To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose."), *abrogated on other grounds by Beck v. Prupis,* 529 U.S. 494 (2000)).  Indeed, Plaintiff relies on mere speculation that the Defendants agreed to violate his constitutional rights, which creates a fatal flaw in Plaintiff's Complaint because it "lacks

sufficient factual allegations to create 'plausible grounds to infer an agreement,' as is required by *Twombly,* 550 U.S. at 556." *Id.*

Furthermore, as discussed more fully *infra,* Plaintiff's Complaint is deficient in asserting the underlying constitutional violations alleged in the purported conspiracy.  Therefore, Plaintiff has failed to state a claim upon which relief can be granted, and Plaintiff's first claim for relief should be dismissed.

**B.** **Plaintiff Has Failed to Allege Facts Sufficient to Support His Equal Protection and Due Process Claims.**

Plaintiff's second claim for relief alleges that he was deprived of his equal protection and due process rights.  (Compl. ¶¶ 103-109.)  Plaintiff further alleges that his rights to privacy and freedom were violated.  However, Plaintiff has failed to allege facts sufficient to sustain either cause of action.

**1.** **Equal Protection**

Plaintiff claims that Defendants violated his equal protection rights.  (Comp., ¶ 47.)  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216, (1982)).  In other words, to succeed, an equal protection claim must show that a state has failed to treat an individual in the same manner as others in similar circumstances, but there is no requirement that all person are treated exactly the same—only those similarly situated.

To be sure, the Supreme Court has recognized that an equal protection claim may proceed under the theory of a "class of one," which requires a plaintiff to "allege[] that she has been intentionally treated differently from others similarly situated and that there is no rational

basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  However, in order to properly allege an equal protection violation in a class-of-one case, a plaintiff must still show that other similarly situated individuals were not treated similar to the plaintiff. *See id.* at 565.

Here, Plaintiff claims that his equal protection rights were violated.  He has not identified any similarly situated person who was treated differently.  Indeed, Plaintiff has made no attempt to allege such facts.  Courts in the Third Circuit have held that an equal protection claim cannot go forward and a complaint should be dismissed when a plaintiff fails to sufficiently plead an equal protection violation. *See, e.g.*, *PG Publishing Co. v. Aichele*, 705 F.3d 91, 115 (3d Cir. 2013) (finding allegation in complaint did not show that plaintiff "was 'intentionally treated differently from other newspapers in Pennsylvania'.  In fact, the Complaint fails to present a single example where another newspaper sought and obtained access to a polling place in a location where Appellant could not"); *Phillips v. County of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) (concluding plaintiff's complaint was insufficiently pled where no allegations showed how defendants treated similarly situated individuals).

In this case, Plaintiff has not identified any similarly situated individuals.  Plaintiff has not even alleged that other individuals were treated differently than he was treated.  Instead, Plaintiff makes a conclusory allegation that his equal protection rights were violated.  Plaintiff's threadbare allegation is a legal conclusion disguised as a factual assertion and, therefore, is insufficient to sustain a cause of action. *See Iqbal*, 556 U.S. at 678.  Accordingly, Plaintiff's equal protection claim should be dismissed.

## 2. **Due Process**

Plaintiff alleges violation of his right to due process, compulsory process, freedom from interference with his rights a parent without due process, and his right to privacy and freedom. (Compl. ¶¶ 104, 106.)  Plaintiff also alleges that the conduct complained of amounts to a policy or practice of cruel and unusual punishment.  (Compl. ¶ 109.)  As a threshold matter, Plaintiff's allegation of a denial of compulsory process is inapplicable to this case.  Compulsory process is a Sixth Amendment protection in criminal cases, which protects an accused's right to call witnesses in his favor.  *U.S. Const.* Amend VI.  Because this case does not involve a criminal prosecution or the denial of a defendant's right to call witnesses, Plaintiff's compulsory process claim should dismissed with prejudice.

Similarly, Plaintiff's cruel and unusual punishment allegation is without merit and inappropriate to this litigation.  Without doubt, the property dispute involved here does not rise to the level of punishment prohibited by the Eighth Amendment.  *See, e.g.*, *Wilkerson v. Utah*, 99 U.S. 130 (1878) (finding that acts such as drawing and quartering, public dissection, burning alive, or disembowelment constitute cruel and unusual punishment).  Plaintiff's outrageous claim of cruel and unusual punishment should be dismissed with prejudice.

Additionally, Plaintiff's claims of interference with parental rights should roundly be rejected.  This case does not involve parental rights, and Plaintiff's claim is without any basis or merit.  Furthermore, due process privacy protection predominantly is limited to "matters relating to marriage, family, procreation, and the right to bodily integrity."  *Albright v. Oliver*, 510 U.S. 266, 272 (1994).  And, "[a]s a general matter, the Court has been reluctant to expand the concept of substantive due process because the guideposts for responsible decisionmaking in this uncharted area are scarce and open-ended."  *Id.*  This case presents no basis to extend such

privacy protections to what amounts to a basic dispute over real property.   Accordingly, Plaintiff's claims for due process violations based on parental rights and privacy should be dismissed with prejudice.

That being said, in a substantive due process claim, a claimant relies on the component of the Constitution's Due Process Clauses that protects individual liberty against "certain government actions regardless of the fairness of the procedures used to implement them." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992).  "The touchstone of due process is protection of the individual against arbitrary action of government."  *Cnty. of Sacramento*, 523 U.S. at 845.

When dealing with executive branch entities, as here, the Court has held that a constitutional violation arises when the conduct "shocks the conscience."  *Id.* at 846.  This standard is extraordinarily high, and courts have "emphasized that only the most egregious official conduct can be said to be "arbitrary in the constitutional sense."  *Id.* at 848.  Indeed, not all impermissible conduct rises to the level of violating a constitutional mandate.  Rather, the conduct must be "so 'brutal' and 'offensive' that it d[oes] not comport with traditional ideas of fair play and decency"  *Id.*  (quoting parenthetically *Breithaupt v. Abram*, 352 U.S. 432, 435 (1957)).  For example, "the forced pumping of a suspect's stomach [has been found to be] enough to offend due process as conduct that shocks the conscience and violates the decencies of civilized conduct."  *Id.*

Here, Plaintiff has not alleged any conduct that rises to the level of shocking the judicial conscience.  To begin with, any allegations that the Municipal Defendants interfered with Plaintiff's property rights cannot proceed as a matter of law.  The only property interest alleged by Plaintiff is a right to use of the Garden Stand on the subject property.  However, a property

interest requires "more than a unilateral expectation of it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). The claimant "must, instead, have a legitimate claim of entitlement to it." *Id.*

The property dispute central to this case was decided by the Superior Court of New Jersey in July of 2012 by an order that, *inter alia*, quieted title and enjoined Plaintiff from interfering with the development of the subject property. (Dkt. No. 18, Blackwell Decl. Ex. A, Ex. C.) Put simply, Plaintiff does not have a property right with which the Municipal Defendants could have interfered.

Thus, any allegation to the contrary in Plaintiff's Complaint is an attempt to circumvent the decision of the Superior Court and to frame a legal matter as a factual one. The Superior Court's order resolving the underlying property rights cannot be revisited or otherwise disturbed by this action under the *Rooker—Feldman* doctrine. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (explaining that *Rooker-Feldman* doctrine precludes lower federal courts from exercising jurisdiction over claims that would require them to review a final judgment of a state court). Accordingly, any alleged actions by the Municipal Defendants that denied Plaintiff access or use of the Garden Stand was not a constitutional violation because Plaintiff does not possess a property right to the Garden Stand as a matter of law pursuant to the Superior Court's order.

Notwithstanding the foregoing, Plaintiff has not alleged any facts that rise to the level of shocking the judicial conscience. Plaintiff alleges that Delia informed him he would be arrested if he trespassed on property that he did not own or have a legal right to enter. Such action does not shock the judicial conscience. Even if the actions were improper, they do not rise to the level of a constitutional violation. *See Cnty. of Sacramento*, 523 U.S. at 845.

To be clear, "threatening to violate a person's constitutional rights cannot be the basis for a claim under § 1983." *5 Borough Pawn, LLC v. City of N.Y.*, 640 F. Supp. 2d 268, 287 (S.D.N.Y. 2009) (citing *Cotz v. Mastroeni*, 976 F. Supp. 2d 332, 362 (S.D.N.Y. 2007), in turn citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986)).   In the same way, an attempt to violate one's constitutional rights, without actual deprivation, is not the basis of a claim under § 1983. *Sweetman v. Borough of Norristown*, 554 Fed. Appx. 86, 89-90 (3d Cir. 2014) (citing *Cnty. of Sacramento*, 523 U.S. at 845 n.7 and *Andree v. Ashland Cnty.*, 818 F.2d 1306, 1311 (7th Cir. 1987) (concluding that attempt to deprive constitutional rights not actionable under § 1983). Here, Plaintiff claims he was threatened with arrest if he committed trespass.   Assuming for the sake of argument that such an arrest would have been unconstitutional, no arrest occurred.   And the actions of Delia cannot sustain a claim under § 1983.   Therefore, Plaintiff's due process claims against Delia should be dismissed with prejudice.

Moreover, the only allegation leveled against Bocko is that he approved permits for someone other than Plaintiff to sell Christmas Trees from the Garden Stand.   (Compl. ¶ 90.) Under the law of the Third Circuit, land use decisions are governed by the shocks the conscience standard of *County of Sacramento v. Lewis*.   *See United Artists Theatre Circuit v. Twp. Of Warrington*, 316 F.3d 392 (3d Cir. 2003).   In this case, Plaintiff had no property interest in the Garden Stand, and no reasonable jury could conclude that the issuance of a permit to another person to use the Garden Stand shocks the conscience. *See McConkie v. Nichols*, 446 F.3d 258 (1st Cir. 2006) (affirming summary judgment on substantive due process claim on grounds that no reasonable juror could find that conduct shocked the conscience).   Thus, Plaintiff's due process claim against Bocko should be dismissed with prejudice.

Setting aside Municipal Defendants' specific requests for relief, in the alternative, Plaintiff's second claim for relief should be dismissed without prejudice.

## C.   Plaintiff Has Failed to Allege Facts Sufficient to Support His Retaliation Claim.

Plaintiff's third claim for relief alleges retaliation.   Though vaguely pled, Plaintiff's Complaint appears to allege that his free speech rights were violated "in communicating seeking investigation of Defendants' actions."  (Compl. ¶ 113.)  Plaintiff claims that he was punished for seeking due process relief and to "intimidate him in his litigation of his rights.  (Compl ¶ 115.) Notwithstanding the unclearly pled language, Plaintiff has not asserted any facts to support his allegation.

Plaintiff has not alleged what speech was the basis for retaliation, what retaliation occurred, or who retaliated.  In short, Plaintiff's allegations fail completely to meet the pleading standards required.   As noted, conclusory allegations do not satisfy basic federal pleading requirements.  *Iqbal*, 556 U.S. at 678.  Plaintiff has not met his obligation to present the basis for his entitlement to relief other than to assert mere labels and conclusions.  *See Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).   In sum, the factual allegations made by Plaintiff are, at best, speculative and do not suggest his claim is "plausible on its face."  *Id.* at 697.

Furthermore, to the extent Plaintiff suggests that the alleged action of the Municipal Defendants was an attempt to prevent his access to the courts, Plaintiff's allegation should be rejected.   The Third Circuit has made clear that "only prefiling conduct that either prevents a plaintiff from filing suit or renders the plaintiff's access to the court ineffective or meaningless constitutes a constitutional violation."  *Estate of Smith v. Macasco*, 318 F.3d 497, 511-12 (3d Cir. 2003); *see also Gibson v. Superintendent of New Jersey Dep't of Law & Pub. Safety*, 411

F.3d 427 (3d Cir. 2005). Plaintiff has not alleged any conduct restricting his access to the courts, and, as evidenced by the procedural history in this ongoing dispute, Plaintiff has had ample access to the courts.

Therefore, Plaintiff's third claims for relief should be dismissed.

**D.  Plaintiff Has Failed to Allege Facts Sufficient to Support His Claim under the New Jersey Civil Rights Act.**

Plaintiff's final claim for relief against the Municipal Defendants is for violations of New Jersey's Civil Rights Act. At bottom, Plaintiff re-alleges the same constitutional violations under the New Jersey Constitution as under the United States Constitution in his first three claims, with an added curious inclusion of a violation of his right to free exercise of religion. (Compl. ¶ 122.) Since Plaintiff has not alleged any facts related to a denial of the right to free exercise, that claim should be dismissed.

The New Jersey Civil Rights Act is analogous to § 1983. *Ramos*, 429 N.J. Super. at 23. It provides protection from deprivation of rights secured by the laws or Constitution of both the United States and the State of New Jersey. *N.J.S.A.* 10:6-2. Under the Civil Rights Act, "a person may bring a civil action . . . in two circumstances: (1) when he's deprived of a right, or (2) when his rights are interfered with by threats, intimidation, coercion or force." *Felicioni v. Admin. Office of the Courts*, 404 N.J. Super. 382, 400 (App. Div. 2008).

In asserting this claim, Plaintiff's Complaint simply parrots the language of the Civil Rights Act. Plaintiff has not presented any factual allegations pertinent to this claim. Thus, Plaintiff's fourth claim for relief is not sustainable under *Twombly* and should be dismissed.[1]

---

[1] In the interest of judicial economy, Municipal Defendants direct the Court to the foregoing discussion of the deficiencies in Plaintiff's Complaint and constitutional allegations.

17

## POINT THREE

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS TO MICHAEL DELIA, JOHN DOE 1, JOHN DOE 2, AND THOMAS BOCKO BASED ON THE DOCTRINE OF QUALIFIED IMMUNITY**

Plaintiff has named as defendants in an individual capacity members of the Berkeley Heights Police Department, Michael Delia, and Zoning Officer Thomas Bocko (collectively "Named Defendants").   As persons named in their individual capacity while performing executive or administrative functions in this deprivation of civil rights action under federal and state law, the Named Defendants are entitled to a defense of qualified immunity.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985) (noting availability of defense of qualified immunity under § 1983); *Ramos*, 429 N.J. Super. at 22-23 (noting availability of defense of qualified immunity under New Jersey Civil Rights Act).

When asserting a qualified immunity defense, the critical inquiry is whether the public official violated a clearly established federal law at the time he acted.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).   Public officials "are not liable for bad guesses in gray areas; they are liable for transgressing bright lines."  *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992). Qualified immunity recognizes that a public official may make "reasonable mistakes . . . as to the legal constraints on particular . . . conduct."  *Saucier v. Katz*, 533 U.S. 194 (2001).  In short, qualified immunity protects public officials who act in an objectively reasonable manner.  *See Davis v. Scherer*, 468 U.S. 183, 190-91 (1984).   Importantly, the public official's subjective motivation is irrelevant to a qualified immunity defense.  *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998).

Here, Plaintiff has not alleged facts sufficient to prove that the Named Defendants violated a clearly established federal law.  Though Plaintiff has alleged a variety of constitutional

violations, none of his allegations find factual support in the Complaint.  In fact, the Berkeley Heights Police Department and the Named Defendants acted in accordance with the July 30, 2012, Order, which quieted Plaintiff's claim to the subject property and enjoined Plaintiff's interference with the redevelopment of the subject property.  (*See* Dkt. No. 18, Blackwell Decl., Ex. C, Judgment.)  Therefore, the various actions alleged against Named Defendants were objectively reasonable and did not violate Plaintiff's constitutional rights as discussed in more detail in Point III *infra*.

Accordingly, Plaintiff's federal and state claims brought against Named Defendants should be dismissed on the basis of qualified immunity because the Complaint does not state facts sufficient to show that Named Defendants violated Plaintiff's clearly established rights. *See Williams v. Alabama State Univ.*, 102 F.3d 1179, 1182-84 (11th Cir. 1997) (reversing and remanding denial of qualified immunity defense and ordering district court to enter judgment in favor of defendants on 12(b)(6) motion where plaintiff's complaint did not show that defendants clearly violated protected rights).

## <u>CONCLUSION</u>

Based on all of the foregoing, Plaintiff has failed to state a claim upon which relief can be granted and, in accordable with *Rule* 12(b)(6), Plaintiff's Complaint should be dismissed as to the Berkeley Heights Police Department, Michael Delia, Thomas Bocko, John Doe 1, and John Doe 2.

**McELROY, DEUTSCH MULVANEY & CARPENTER, LLP**
*Attorneys for Defendants,*
*Berkeley Heights Police Department,*
*Michael Delia and Thomas Bocko*

Dated: January 29, 2015

By:   <u>/s/ Robert C. Scrivo</u>
Robert C. Scrivo, Esq.

20