# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR MONDELLI,<br><br>    Plaintiff,<br><br>                  v.<br><br>BERKELEY     HEIGHTS     POLICE DEPARTMENT, ET AL.,<br><br>    Defendants. | CIVIL ACTION<br><br>Case No. : 2:14-CV-06196-KSH-CLW<br><br><br>Return Date: February 1, 2016<br><br>Oral Argument Requested |

_____

## BRIEF OF THE PLAINTIFF IN SUPPORT OF MOTION
## MOTION FOR RECONSIDERATION
## PURSUANT TO LOCAL CIVIL RULE 7.1(i)
_____

**KENNETH ROSELLINI (6047)**
**ATTORNEY AT LAW**
636A Van Houten Avenue
Clifton, New Jersey 07013
(973) 998-8375 Fax (973) 998-8376
*Attorney for Victor Mondelli*

## INTRODUCTION

Plaintiff's 42 U.S.C. §1983 Civil Rights Claims in this case involve, *inter alia*, violations by the Defendants in conspiring to violate the Plaintiff, Victor Mondelli's due process rights and property rights (as Tenant or Tenant at Sufferance) in his Garden Stand in Berkeley Heights, New Jersey, without a Warrant of Removal or Writ of Possession and with the threat of false criminal arrest and false trespass charges at the behest of the Berkeley Heights Police Department.   In fact, the Amended Complaint is based on the violation of the Plaintiff's Civil Rights in connection with the unlawful removal of the Plaintiff's personal possessions and family memorabilia from his self-serve Garden Stand, and the wrongful dispossession of that Garden Stand, by which the Berkeley Heights Municipal Defendants, with malicious intent, provided security to the Realty Defendants under threat of arrest of the Plaintiff with the malicious prosecution of the criminal charge of trespass, which is still pending.

The Court's Opinion inexplicably fails to even mention the fact that the Realty Defendants and Berkeley Heights Municipal Defendants had no authority to act unless a Warrant of Removal or Writ of Possession was obtained in accordance with due process under New Jersey Law, and then it is the Sheriff's Department, not the local police, which are charged with executing the Writ or Warrant.   This was explicitly outlined in great detail in the Amended Complaint at ¶¶s 55, 69, 70,

1

71, 73 and 85.  The Court's Opinion also, inexplicably fails to mention the fact that the Berkeley Heights Municipal Defendants threatened Plaintiff with arrest for trespass if he returned to the Garden Stand. *See* Amended Complaint at ¶¶s87-89. No meaningful analysis of the Amended Complaint's Civil Rights Claims could be had without a thorough analysis of these issues.  L.Civ. R. 7.1(i) requires this Court to reconsider its decision because these material issues of fact and law were overlooked.  *See Dunn v. Reed Grp., Inc.*, 2010 WL 174861 (D.N.J. 2010).

In addition, the Opinion is clearly prejudicial towards Plaintiff's Counsel and the rights of the Plaintiff to discovery in this matter.  Your Honor's Decision was issued shortly before the Plaintiff was scheduled to depose the Berkeley Heights Municipal Defendants on January 11, 2016 over these Defendants' objections.   Your Honor dismissed the Complaint based upon, *inter alia*, the *Rooker-Feldman* Doctrine as applied by the Third Circuit in the matter of *Khalil v. New Jersey Div. of Child Prot. & Permanency*, 594 F. App'x 88 (3d Cir. 2014), which has no application to the within matter, as the violation of Plaintiff's Constitutional Rights occurred because the Defendants failed to obtain a proper Warrant or Writ, and not because the Plaintiff was complaining of the enforcement of a state court judgment.  As Your Honor knows, I represented the Plaintiff-Appellant, Khalil in that matter, and Khalil has submitted an affidavit in connection with the matter of *Mazzetti v. The New Jersey Division of Child*

2

*Protection of Permanency, et al.*, Docket No.: 2:12-cv-05347-KSH-PS (in which I represent the Plaintiff) in support of an application for Your Honor's recusal pursuant to 28 *U.S.C.A.* §144. In the *Mazzetti* matter, Your Honor was directed by the Third Circuit Court of Appeals in July of 2014 to reconsider Your Honor's dismissal of that case based on *Rooker-Feldman* in accordance with the Third Circuit's instructions. Briefing on that reconsideration was completed in September of 2014 and the Affidavit of Prejudice and Recusal was filed in that matter on December 8, 2014, both well before the motions to dismiss the amended complaint in the within matter were even filed. The fact that Your Honor has so clearly misapplied the *Rooker-Feldman* Doctrine in the within case appears to be retaliation for the ongoing proceedings in the matter of *Mazzetti*. It is requested on reconsideration that Your Honor not only consider reversing the decision but also consider recusal.

I. **The Court Overlooked the Fact that Plaintiff's Complaint Asserts that the Defendants failed to Obtain a Proper Warrant or Writ, as is Required under New Jersey Law, and that the Plaintiff was Improperly Threatened with Arrest by the Berkeley Heights Municipal Defendants**

As set forth *supra*, the Court's Opinion, fails to even mention the fact that the Realty Defendants and Berkeley Heights Municipal Defendants had no

authority to act unless a Warrant of Removal or Writ of Possession was obtained in accordance with due process under New Jersey Law.  This was explicitly outlined in great detail in the Amended Complaint at ¶¶s 55, 69, 70, 71, 73 and 85.  The legal basis for this requirement was briefed at length by the Plaintiff on the motions to dismiss.  The law in this regard was also recently outlined by the District Court of New Jersey in another proceeding in which I represented the plaintiff (but which was dismissed in part because, in the Court's Opinion, the plaintiff in that matter was not in physical possession of the property unlike the Plaintiff Victor Mondelli in the within manner).  The law in this regard is as follows:

> Under New Jersey's foreclosure laws, when a lienholder forecloses on a lien, "a final judgment of foreclosure declares a sum certain immediately due and commits the proceeds of the sale of specific property to its satisfaction. [The property owner] retains legal title to the property until the completion of the process of sheriff's sale, expiration of the redemption period and transfer of the deed to the successful bidder." *Matter of Mullarkey,* 81 B.R. 280, 283 (Bankr.D.N.J.1987) (internal citations omitted). If the property owner holds a possessory interest in the property before the foreclosure, as was the case in the two cases cited by Plaintiff, *In re St. Clair,* 251 B.R. 660 (D.N.J.2000) and *Matter of Mullarkey,* 81 B.R. 280 (Bankr.D.N.J.1987), the foreclosed-upon owner retains that interest until the foreclosing party obtains a writ of possession following the transfer of the deed through the sheriff's sale. *In re St. Clair,* 251 B.R. at 665–65; *Mullarkey,* 81 B.R. at 283. In fact, the foreclosed-upon owner becomes a tenant at sufferance with the deed purchaser as landlord in this circumstance. *In re St. Clair,* 251 B.R. at 665. Additionally, the deed purchaser is under no obligation to seek possession of the property. *City Fed. Sav. & Loan Ass'n v. Jacobs,* 188 N.J.Super. 482, 457 A.2d 1211, 1213 (N.J.Super.Ct.App.Div.1983) (explaining that the

4

foreclosing mortgagee "is not required to assert his right to possession," and that not doing so may be a prudent course of action because ownership may be an economic liability).

However, if the owner has leased the property to a tenant before the foreclosure, the tenant retains her possessory rights through the foreclosure process until the deed purchaser obtains a writ of possession or other order from a court awarding possession to the deed purchaser. *See* 30 New Jersey Practice § 21.1 (noting that New Jersey's Anti–Eviction Act, N.J.S.A. 2A18–61.1 et. seq. "applies to mortgagees foreclosing on residential premises. This means that in most cases a lender can only evict a protected residential tenant after the sheriff's sale when 'good cause' or other grounds exist under the Anti–Eviction Act. Generally, the foreclosing mortgagee must then commence a separate summary dispossess action in tenancy court."); *see also Chase Manhattan Bank v. Josephson,* 135 N.J. 209, 638 A.2d 1301, 1314 (N.J.1994) (overruling earlier precedent and holding that the Anti–Eviction Act "protects tenants from eviction by foreclosing mortgagees irrespective of whether their tenancy was established before or after the execution of the mortgage.").

To simplify matters, we can say, then, that the two basic forms of property interests—ownership and possession—are legally transferred in a foreclosure proceeding through two separate instruments: ownership is transferred through the deed following the sheriff's sale and possession is transferred through a writ of possession (or similar order) from a court. The fact that a writ of possession only speaks to *possessory interest* is reflected in the form writ of possession contained in the New Jersey Rules of Court, which is reproduced here:

> *5 WHEREAS, on _____, 20 ___, by a certain judgment of the Superior Court of New Jersey, Law Division, Special Civil Part, _____ County, in a cause therein pending, wherein _____ is (are) the Plaintiff(s) and _____ is (are) the Defendant(s), it was ordered and adjudged that the Plaintiff(s) recover the *possession of the lands and premises,* with appurtenances, described in the Complaint from the Defendant(s) which premises are located at: _____ (street address) _____ (City, State, Zip Code) *the possession of which* the Defendant(s) have unlawfully deprived the Plaintiff(s), as appears to us of record.

> Writ of Possession, N.J. Rules of Court, Appendix XI–Y (emphasis added).

*See Jaccard v. Bank of Am.*, No. CIV. 14-7535, 2015 WL 4461873, at *4-5 (D.N.J. July 21, 2015).  The lawful procedure required to dispossess the Plaintiff of his possession of the Garden Stand, whether through obtaining a Writ of Possession against a tenant at sufferance or a Warrant of Removal for a tenant, was clearly not followed.

Critically, in the within matter, the Court overlooked the fact that the Amended Complaint of the Plaintiff alleges that he was threatened with arrest, and that the Berkeley Heights Municipal Defendants were more than just neutral bystanders.  *See* Amended Complaint at ¶¶s87-89.  Whether or not the state actors are acting as neutral bystanders versus threatening the party being disposed with arrest is a material distinction in the case relied upon by Your Honor.

> The only act by Gieda that gives us pause is his disconnecting of the alarm at the Mitchells' restaurant. In the end, however, **unlike threatening to arrest one who resists repossession**, *see Abbott,* 164 F.3d at 147, visiting a tenant alone and instructing him to quit the property

*See Mitchell v. Gieda*, 215 F. App'x 163, 166 (3d Cir. 2007) (emphasis added). The case relied on by that Court explicitly sets forth that the threat of arrest turns neutral action into state action actionable under §1983 as a Civil Rights violation.

6

> However, **Lieutenant George did not remain neutral, but advised Latshaw that she had a right to immediate possession of the van. Lt. George also ignored Millstein's ardent protest of the seizure, and threatened to arrest Millstein if he did not move his car to make way for Latshaw. Although he was not the instigator, a jury could find that Lt. George, by his conduct, joined forces with Diehl in the unconstitutional deprivation, going beyond the permissible conduct outlined in *Menchaca*. See, e.g., Booker v. City of Atlanta, 776 F.2d 272, 274 (11th Cir.1985)** (plaintiff can withstand summary judgment if jury could find that police involvement constitutes intervention and aid). This affirmative intervention and aid constitutes a sufficient basis for a reasonable trier of fact to find that Lt. George played a role in the seizure and resulting violation of Abbott's constitutional rights. Sarsfield and Stafford are therefore entitled to dismissal of the claims against them, but Lt. George is implicated in the constitutional violation.

*See Abbott v. Latshaw*, 164 F.3d 141, 147 (3d Cir. 1998) (emphasis added).  In the within matter, the Berkeley Heights Municipal Defendants clearly improperly threatened the Plaintiff with arrest, and the extent to which they conspired with the Defendants was about to be revealed in depositions scheduled for a week from now, but for Your Honor's dismissal, which accomplished only the protection of these Defendants from a proper interrogation under oath to reveal the full extent of their Un-Constitutional conduct.

7

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that his Motion for Reconsideration of the Decision of this Court Dismissing the Complaint be Granted and the case reinstated.

Respectfully submitted,

/S/ Kenneth Rosellini

January 4, 2016                Kenneth Rosellini