UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR MONDELLI,<br><br>Plaintiff,<br><br>v.<br><br>BERKELEY HEIGHTS POLICE DEPARTMENT, et al.,<br><br>Defendants. | Civil Action No.:<br>2:14-cv-06196(KSH)(CLW) |

**DEFENDANT BERKELEY HEIGHTS POLICE DEPARTMENT, MICHAEL MATHIS, MICHAEL DELIA, AND THOMAS BOCKO'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

McElroy, Deutsch, Mulvaney
 & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
(973) 993-8100
Attorneys for Defendants,
Berkeley Heights Police Department, Michael Mathis, Michael Delia and Thomas Bocko

Of Counsel:
    Robert C. Scrivo, Esq.

On the Brief:
    Lawrence S. Cutalo, Esq.
    Andrew Gimigliano, Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTUAL AND PROCEDURAL HISTORY ............................................. 3

STANDARD OF REVIEW ...................................................................................................... 4

LEGAL ARGUMENT ............................................................................................................. 6

    POINT ONE

        THE COURT CORRECTLY APPLIED THE *ROOKER-FELDMAN*
        DOCTRINE ................................................................................................ 6

    POINT TWO

        PLAINTIFF HAS FAILED TO RAISE ANY OVERLOOKED FACTS OR
        LAW TO SUGGEST THAT THE BERKELEY HEIGHTS DEFENDANTS
        ENGAGED IN A CONSPIRACY TO DEPRIVE PLAINTIFF OF
        PROPERTY RIGHTS.................................................................................. 7

    POINT THREE

        PLAINTIFF'S MOTION DOES NOT RAISE ANY NEW ISSUES OF LAW
        OR FACT OVERLOOKED BY THE COURT RELATED TO THE
        UNDERLYING FORECLOSURE ACTION...................................................... 9

CONCLUSION ..................................................................................................................... 12

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Abbott v. Latshaw*,
    164 F.3d 141 (3d Cir. 1998) ................................................................................................... 8

*Dunn v. Reed Grp., Inc.*,
    2010 WL 174861 (D.N.J. Jan. 13, 2010) ............................................................................ 4, 6

*Elizabethtown Water Co. v. Hartford Casualty Ins. Co.*,
    18 F. Supp. 2d 464 (D.N.J. 1998) ........................................................................................... 4

*Flagg Bros. v. Brooks*,
    436 U.S. 149 (1978) ................................................................................................................ 8

*Great Western Mining and Mineral Co. v. Fox Rothschild*,
    615 F.3d 159 (3d Cir. 2010) ................................................................................................... 6

*Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*,
    215 F. Supp. 2d 482 (D.N.J. 2002) ......................................................................................... 4

*Jaccard v. Bank of America*,
    Dkt No. 14-7535, 2015 WL 4461873 (D.N.J. July 21, 2015) ......................................... 10, 11

*Max's Seafood Café v. Quinteros*,
    176 F.3d 669 (3d Cir. 1999) ................................................................................................... 4

*Mazzetti v. Wood*,
    Dkt. No. 2:12-cv-05347, slip op. (3d Cir. 2014) .................................................................... 6

*Mitchell v. Gieda*,
    215 F. App'x 163 (3d Cir. 2007) ......................................................................................... 8, 9

*Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*,
    744 F. Supp. 1311 (D.N.J. 1990) ............................................................................................ 4

*Panna v. Firstrust Sav. Bank*,
    760 F. Supp. 432 (D.N.J. 1991) .............................................................................................. 4

*Reisinger v. Luzerne Cnty.*,
    712 F. Supp. 2d 332 (M.D. Pa. 2010), *aff'd sub nom.*, Reisinger v. Cnty. of Luzerne,
    439 F. App'x 190 (3d Cir. 2011) ............................................................................................ 7

*United States v. Coleman*,
    628 F.2d 961 (6th Cir. 1980) ............................................................................................... 8, 9

**RULES**

*Local Rule* 7.1 ................................................................................................................4

*Federal Rule of Civil Procedure* 12(b)(6) ................................................................3, 10

**PRELIMINARY STATEMENT**

Defendants Berkeley Heights Police Department, Michael Mathis, Michael Delia, and Thomas Bocko ("Berkeley Heights Defendants") submit this brief in opposition to Plaintiff's motion for reconsideration. At its core, Plaintiff's motion is nothing more than a re-argument of matters already considered and correctly decided by the Court. Plaintiff has not pointed to any facts or law overlooked by the Court. Instead Plaintiff argues, wrongly, that the Court should reconsider what it already has considered and decided.

Plaintiff first takes issue with the Court's application of the *Rooker-Feldman* Doctrine. However, Plaintiff has failed to cite any cases or other authorities explaining why the Court should reconsider the application of *Rooker-Feldman*. Instead, Plaintiff baldly suggests that the Court failed to consider that Plaintiff was not challenging a state court decision but was raising constitutional violations because the Garden Stand was repossessed without a Writ of Possession or Warrant of Removal. However, the Court's lengthy and detailed opinion makes clear that the Court considered Plaintiff's arguments and concluded that Plaintiff ultimately was taking issue with the severance of this property rights by the Superior Court of New Jersey. Indeed, the Court expressly noted that the Superior Court ordered that Plaintiff was not to interfere with the redevelopment of the subject property—which undoubtedly required repossession of the Garden Stand. Put simply, Plaintiff improperly asks the Court to reconsider what it already thought through.

Plaintiff also contends that the Court misapplied the law in finding the conspiracy allegations insufficient because he alleged that the Berkeley Heights Defendants threatened to arrest him, which, according to Plaintiff, turned the private repossession of the Garden Stand into state action. Plaintiff, however, misstates the law. As the Court noted in its opinion, the passive

1

presence of the police at a private repossession does not convert the private actions into state actions. This issue was considered and correctly decided by the Court.

Plaintiff's last contention—that a Writ of Possession or Warrant of Removal was required to dispossess him of his alleged right to the Garden Stand—is nothing more than a recapitulation of the arguments already considered by the Court. Furthermore, the case cited by Plaintiff, which is remarkably similar to this case in its facts and allegations, further supports dismissal of this action. In short, the case cited by Plaintiff illustrates the reasonableness of the actions of the Berkeley Heights Defendants and their entitlement to a qualified immunity defense.

As a final matter, Plaintiff's contention that he was prejudiced by dismissal of this case shortly before being afforded the opportunity to depose the Berkeley Heights Defendants is baseless. The parties in this matter engaged in written discovery throughout the summer and fall of 2015. Plaintiff not only delayed in answering discovery but also failed to propound a single written discovery demand. Plaintiff's failure to engage in the discovery process belies his allegation that he was prejudiced by the dismissal before taking any depositions.

For all of these reasons, Plaintiff's motion for reconsideration should be denied.

## **STATEMENT OF FACTUAL AND PROCEDURAL HISTORY**

In the interest of judicial economy, Berkeley Heights Defendants rely on the Statement of Facts submitted with the Motion to Dismiss filed by Defendants Fischer, Porter & Thomas, P.C. and Arthur L. Porter, Jr., Esq. (*See* Dkt. No. 18.) Berkeley Heights Defendants additionally direct the Court to the allegations contained in Plaintiff's Complaint. (*See* Dkt. No. 1.)

On January 22, 2015, the Fischer, Porter, Thomas Defendants filed a motion to dismiss pursuant to *Rule* 12(b) (6). On January 29, 2015, Berkeley Heights Defendants filed a motion to dismiss pursuant to *Rule* 12(b) (6). On February 4, 2015, the Silverman Defendants filed a motion to dismiss pursuant to *Rule* 12(b) (6). On December 21, 2015, the Court granted Defendants' motions to dismiss with prejudice.

On January 4, 2016, Plaintiff filed this Motion for Reconsideration.

## **STANDARD OF REVIEW**

Motions for reconsideration are governed by *Local Rule* 7.1, which allows a party to pursue reconsideration of a court's order where there are "matters or controlling decisions which counsel believes the Judge . . . overlooked." Motions for reconsideration, however, are "an extraordinary remedy" to be granted "very sparingly." *Dunn v. Reed Grp., Inc.*, 2010 WL 174861 at *1 (D.N.J. Jan. 13, 2010) (quoting *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002)). A motion for reconsideration may granted only on one of the following three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Id.* (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

The moving party "must show more than a disagreement with the court's decision." *Id.* (quoting *Panna v. Firstrust Sav. Bank*, 760 F. Supp. 432, 435 (D.N.J. 1991)). A motion for reconsideration should be denied if the moving party "merely presents 'a recapitulation of the cases and arguments considered by the Court before rendering its original decision.'" *Id.* (quoting *Elizabethtown Water Co. v. Hartford Casualty Ins. Co.*, 18 F. Supp. 2d 464, 466 (D.N.J. 1998)). "In sum, it is improper on a motion for reconsideration to 'ask the Court to rethink what it ha[s] already through through—rightly or wrongly." *Id.* (alteration in original) (quoting *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

In this case, Plaintiff has failed to cite any change in intervening law or newly discovered evidence. Nor has Plaintiff identified any errors in law or fact made by the Court. Rather, Plaintiff's motion merely reargues, wrongly, its defense to the motions to dismiss granted by the Court. Moreover, the cases cited by Plaintiff further demonstrate that the Court correctly granted

4

the motions to dismiss.  In short, Plaintiff's motion for reconsideration utterly fails to meet its burden and should be denied.

## **LEGAL ARGUMENT**

### **POINT ONE**

### **THE COURT CORRECTLY APPLIED THE *ROOKER-FELDMAN* DOCTRINE**

Plaintiff's first complaint appears to be that the Court applied the wrong *Rooker-Feldman* Doctrine standard and that *Rooker-Feldman* should not have been applied to this case. Both of Plaintiff's claims are without merit.

First, wound up in Plaintiff's allegation that the Court's decision in this case was retaliation for another, unrelated case is the suggestion that the Court applied the incorrect *Rooker-Feldman* standard. (Pl. Brief at 2-3.) Plaintiff points to *Mazzetti v. Wood*, Dkt. No. 2:12-cv-05347, slip op. at *5 (3d Cir. 2014), wherein the Circuit Court reversed and remanded because the wrong *Rooker-Feldman* standard was applied. Specifically, the panel explained that the correct standard is the four-part test contained in *Great Western Mining and Mineral Co. v. Fox Rothschild*, 615 F.3d 159 (3d Cir. 2010), rather than an "inextricably intertwined" analysis. *Id.*

In this case, the Court applied the four-part *Great Western* test to analyze the *Rooker-Feldman* Doctrine's impact on Plaintiff's claims. Therefore, Plaintiff's suggestion that the Court applied the wrong standard is incorrect and should be rejected.

Plaintiff's second complaint related to *Rooker-Feldman* is that the Court erred in finding the doctrine applicable because Plaintiff was not complaining of enforcement of a state court judgment. (Pl. Brief at 2.) Plaintiff's argument, however, is nothing more than a demand that the Court rethink what it already has thought through, which is impermissible on a motion for reconsideration. *See*, *Dunn*, 2010 WL 174861 at *1. Moreover, the Court aptly pointed out that Plaintiff's Complaint was littered with grievances aimed at the Superior Court of New Jersey's

6

underlying foreclosure decision. As the Court highlighted, the Superior Court specifically ordered that Plaintiff was not to interfere with the redevelopment of the subject property and severed all of Plaintiff's rights to the property.

Despite, Plaintiff's claims, all rights related to the property were settled by the Superior Court. Plaintiff's attempt to recast this matter as one of constitutional violations is disingenuous. Indeed, as the Court noted, "a litigant may not attempt to circumvent the effect of *Rooker-Feldman* and seek reversal of a state court judgment simply by casting the complaint in the form of a civil rights action." *Reisinger v. Luzerne Cnty.*, 712 F. Supp. 2d 332, 349 (M.D. Pa. 2010), *aff'd sub nom.*, *Reisinger v. Cnty. of Luzerne*, 439 F. App'x 190 (3d Cir. 2011).

In sum, Plaintiff has not demonstrated that the Court overlooked any facts or law in applying *Rooker-Feldman*, and, therefore, Plaintiff's motion for reconsideration should be denied.

### POINT TWO

**PLAINTIFF HAS FAILED TO RAISE ANY OVERLOOKED FACTS OR LAW TO SUGGEST THAT THE BERKELEY HEIGHTS DEFENDANTS ENGAGED IN A CONSPIRACY TO DEPRIVE PLAINTIFF OF PROPERTY RIGHTS**

Plaintiff contends that the Berkeley Heights Defendants were not neutral bystanders to the repossession of the Garden Stand and that the allegation that they provided security for the repossession establishes a conspiracy. Plaintiff's argument misstates the facts and the law.

The only allegation pled by Plaintiff against the Berkeley Heights Defendants related to the repossession of the Garden Stand is that the Berkeley Heights Police Department "provided the security." (Compl. ¶ 92.) Notably, Plaintiff's Complaint states he was not present at the time of the removal of the property and did not learn of the alleged presence of the police until after the repossession occurred. (*Id.*) The Court expressly, and correctly, noted these facts.

Plaintiff, however, alleges that he was threatened with arrest, which renders the Berkeley Heights Defendants more than neutral bystanders to the repossession. (Pl. Brief at 6-7.) In particular, Plaintiff argues that threatening to arrest one who resists repossession is conduct that is actionable under Section 1983. While this is a generally accurate statement of the law, *see Mitchell v. Gieda*, 215 F. App'x 163, 166 (3d Cir. 2007), Plaintiff's reliance on this statement of law is misplaced.

Courts have made clear that the "mere presence of police at the scene of a private repossession does not, alone, constitute state action causing a deprivation of a protected property interest." *Abbott v. Latshaw*, 164 F.3d 141, 147 (3d Cir. 1998). Rather, the police need to provide "affirmative intervention and aid" for the repossession to rise to the level of state action. *Id.* The presence of police, who do not take sides or actively aid in the repossession but rather conduct routine police procedures, does not make a private repossession state action. *See id.*

Furthermore, the Supreme Court has suggested that private parties' actions cannot be state action unless the action is compelled by the state. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 164-65 (1978). Federal courts have long concluded that where the police do not direct or encourage repossession, private actions cannot be attributed to the state. *United States v. Coleman*, 628 F.2d 961, 964 (6th Cir. 1980). In *Coleman*, the Circuit Court succinctly explained that police presence at the scene of a repossession, without more, does not make a private repossession state action:

> [Police] presence at the scene was not an indispensible prerequisite for repossession of the truck. Their benign attendance was not designed to assist Clarke in repossession of the truck; rather, it was in furtherance of their official duties. The position assumed by the police was devised to anticipate and prevent any violent confrontation between debtor and creditor which repossession of collateral can entail. Under the facts of this case, mere acquiescence by the police to "stand by in case of trouble" was

>insufficient to convert the repossession of the truck into state action.

*Id.* (footnote deleted). In other words, what is required to elevate a private repossession to state action is for the police to participate in the repossession, or confront the party from whom the property is repossessed—passive surveillance does not make a private repossession state action. *Id.* n.1 (distinguishing passive surveillance from affirmative police action).

In this case, the sole allegation against the Berkeley Heights Defendants is that police "provided the security." In short, no affirmative action by the police has been alleged. Rather, Plaintiff alleges that the police, like those in *Coleman*, may have been present when the Garden Stand was repossessed. Moreover, Plaintiff was not present at the repossession. Plaintiff did not allege that the police confronted him to effectuate the repossession, nor did Plaintiff allege that the police threatened Plaintiff if he resisted the repossession. According to Plaintiff, the repossession was completed without him being present at the scene.

Thus, the cases relied on by Plaintiff are distinguishable from the facts of this case. In addition, the Court considered *Mitchell* and passive police presence at a private repossession and concluded that the allegations in this case did not rise to the level of state action—and therefore no conspiracy could be proved. Accordingly, Plaintiff's motion for reconsideration should be denied.

### POINT THREE

**PLAINTIFF'S MOTION DOES NOT RAISE ANY NEW ISSUES OF LAW OR FACT OVERLOOKED BY THE COURT RELATED TO THE UNDERLYING FORECLOSURE ACTION**

The main thrust of Plaintiff's motion for reconsideration is that his Complaint should not have been dismissed because a Writ of Possession or Warrant of Removal was required to

9

repossess the Garden Stand. At bottom, Plaintiff's argument is little more than a rehashing of the Complaint and his failed opposition to the motions to dismiss. Plaintiff has not cited any law or facts overlooked by the Court.

The authority cited by Plaintiff to reargue this point is *Jaccard v. Bank of America*, Dkt No. 14-7535, 2015 WL 4461873 (D.N.J. July 21, 2015). Once again, Plaintiff's argument is without merit. In fact, *Jaccard* supports dismissal of this action against the Berkeley Heights Defendants.

*Jaccard*, like this case, involved a Section 1983 action (filed by Plaintiff's counsel, Mr. Kenneth Rosselini)[1] related to the foreclosure of real property. 2015 WL 4461873 at *1-2. The constitutional violations alleged stemmed from criminal trespass summonses issued to the plaintiff for entering the property after the foreclosure. *Id.* at *2. Also like this case, *Jaccard* contained claims of conspiracy, due process and equal protection violations, and retaliation. *Id* at 3. Again, just like this case, the main allegation in *Jaccard* was "that the foreclosure . . . was incomplete because there was no writ of possession issued by a court dispossessing the Plaintiff of the" property. *Id.*

The case was decided, like this one, on a *Rule* 12(b)(6) motion to dismiss. Ultimately, the court found that the police were entitled to qualified immunity for all of the Section 1983 claims because it was reasonable to believe that the plaintiff held no possessory interest in the

---

[1] Interestingly, in *Jaccard*, Judge Thompson noted that the complaint filed by Mr. Rosellini alleged a violation of parental rights even though there were no allegations that the plaintiff had children or that the defendants somehow violated parental rights. 2015 WL 4461873 at *3 n.2. The Court in this case noted the same language in the Complaint filed by Mr. Rosellini. In both instances, the error was attributed to copying and pasting from a complaint in another matter altogether. A comparison of the two complaints reveals identical allegations of conspiracy, equal protection and due process violations, retaliation, and intentional infliction of emotional distress. *Compare* Compl. ¶¶ 96-102, 104-09, 111-19, 124-26, *with* Dkt. No. 3:14-cv-07535, Document 1 ¶¶117-23, 168-73, 175-83, 184-86. Both complaints seek $10 million in compensatory damages and $50 million in punitive damages.

property. *Id.* at 6. To be sure, the plaintiff in *Jaccard* was the owner of the property but not the tenant, and here, Plaintiff was not the owner but the purported tenant. But that distinction is of no moment. What is relevant to the Berkeley Heights Defendants is that it was reasonable for them to believe that Plaintiff had no possessory right to the Garden Stand due to the foreclosure and the allegation that the Berkeley Heights Defendants were informed that Plaintiff had abandoned the property. (Compl. ¶ 83.)

Thus, it was reasonable for the Berkeley Heights Defendants to believe that the repossession of the Garden Stand was proper. *See Jaccard*, 2015 WL 4461873, at *6 ("Accordingly, even if Plaintiff is correct that she did maintain a possessory interest in the Condo after the foreclosure, there is no way for a reasonable person to have known that fact. A reasonable person would have thought that the taking of the Condo from Plaintiff was proper and that Plaintiff did not have any right to be present at the Condo in December 2012."). In other words, even should the Court be inclined to reconsider its decision, the Berkeley Heights Defendants acted reasonably and are entitled to qualified immunity as set forth in their moving papers in support of their motion to dismiss and in light of *Jaccard*.

## **CONCLUSION**

Based on all of the foregoing, Defendants Berkeley Heights Police Department, Michael Mathis, Michael Delia, and Thomas Bocko respectfully submit that Plaintiff's Motion for Reconsideration should be denied.

                                     **McELROY, DEUTSCH MULVANEY & CARPENTER, LLP**
                                     *Attorneys for Defendants,*
                                     *Berkeley Heights Police Department, Michael Mathis, Michael Delia and Thomas Bocko*

Dated: January 19, 2016

                                     By:   */s/ Robert C. Scrivo*
                                                   Robert C. Scrivo, Esq.