Christopher J. Carey
Megan Halverson Trexler
**GRAHAM CURTIN**
A Professional Association
4 Headquarters Plaza; P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700
*Attorneys for Defendants,*
*Fischer, Porter & Thomas, P.C. and*
*Arthur L. Porter, Jr., Esq.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR MONDELLI, | Civil Action No. 14-cv-6196 (KSH)(CLW) |
| Plaintiff, | |
| v. | |
| BERKELEY HEIGHTS POLICE DEPARTMENT, MICHAEL P. MATHIS, Chief of Police of the Berkeley Heights Police Department, in his individual capacity, MICHAEL DELIA, Detective at the Berkeley Heights Police Department, in his individual capacity, JOHN DOES 1, Supervising Officer of Michael Delia, JOHN DOE 2, Berkeley Heights Police Officer, in his individual capacity, THOMAS BOCKO, Zoning Officer of Berkeley Heights, in his individual capacity, JACK SILVERMAN REALTY & MORTGAGE CO., LLC, BERKELEY REALTY PARTNERS 244, LLC, JACK SILVERMAN, in his individual capacity, WILLIAM SILVERMAN, in his individual capacity, FISCHER, PORTER & THOMAS, P.C., ARTHUR PORTER, JR., partner in Fischer, Porter & Thomas, P.C., in his individual capacity, ROBERT DOWLING, in his individual capacity, and JACK DOWLING, in his individual capacity, | **DECLARATION OF CHRISTOPHER J. CAREY, ESQ. IN SUPPORT OF CROSS-MOTION FOR SANCTIONS** |
| Defendants. | |

I, CHRISTOPHER J. CAREY, ESQ., of full age, hereby declare as follows:

2477927.1

1. I am an attorney-at-law of the State of New Jersey and a member of the firm of Graham Curtin, a Professional Association, counsel of record for Defendants, Fischer, Porter & Thomas, P.C. and Arthur L. Porter, Jr., Esq. (the "Attorney Defendants"). I submit this Declaration in support of the Attorney Defendants' Cross-Motion for Sanctions, pursuant to Fed.R.Civ.P. 11(c)(2).

2. On January 22, 2015, a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) was filed on behalf of the Attorney Defendants. See Docket Report No. 18.

3. On May 28, 2015, I caused a letter to be sent via email and regular mail to Kenneth J. Rosellini, Esq., attorney for Plaintiff in this matter. In the May 28, 2015 letter, I advised Mr. Rosellini of the reasons Plaintiff's Complaint as against the Attorney Defendants was frivolous, as set forth in the Attorney Defendants motion to dismiss. Further, I demanded that the Complaint be voluntarily dismissed within the time-period provided by Fed.R.Civ.P. 11 and noted that this motion for sanctions would be filed if the Complaint was not dismissed within that time-period. A true and accurate copy of the May 28, 2015 letter from the undersigned to Mr. Rosellini is attached hereto as **Exhibit A**.

4. Plaintiff did not and has not voluntarily dismissed the Complaint as against the Attorney Defendants.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Executed on January 19, 2016        By: /s/ *Christopher J. Carey*
                                        CHRISTOPHER J. CAREY

2477927.1

# EXHIBIT A

# GRAHAM CURTIN
*A Professional Association*



CHRISTOPHER J. CAREY
CERTIFIED CIVIL TRIAL ATTORNEY
CERTIFIED PROFESSIONAL LIABILITY ATTORNEY
Direct Dial 973-401-7135
ccarey@grahamcurtin.com

May 28, 2015

*Via E-mail and Regular Mail*
Kenneth J. Rosellini, Esq.
Kenneth Rossellini, Attorney at Law
636A Van Houten Avenue
Clifton, NJ 07013

      Re:    **Mondelli v. Berkeley Heights Police Department, et als.**
                **Civil Action No. 14-cv-06196-KSH-CLW**
                **Our File No.: 5633-82**

Dear Mr. Rosellini:

      This office represents Defendants, Fischer, Porter & Thomas, P.C. and Arthur L. Porter, Jr. Esq. (hereinafter collectively the "Attorney Defendants") with regard to the above referenced matter. This letter is being served upon your firm pursuant to Fed. R. Civ. P. 11 and constitutes notice pursuant to that Rule. Demand is herewith made that you withdraw and dismiss the Complaint filed in the above-referenced matter against the Attorney Defendants with prejudice. The Complaint in this matter, insofar as it applies to the Attorney Defendants, violates the provisions of Fed. R. Civ. P. 11 in that it is frivolous.

      Plaintiff alleges in this action the Defendants conspired to deprive Plaintiff of his due process and the rights as guaranteed by the United States Constitution in violation of 42 U.S.C. § 1983 and the New Jersey Civil Rights Act. Plaintiff also alleges a claim for intentional infliction of emotional distress. According to the Complaint, the Attorney Defendants participated in the alleged conspiracy by offering legal advice to their clients.

      While all of the claims set forth in the Complaint appear to be meritless, Plaintiff's claims against the Attorney Defendants are particularly frivolous. Plaintiff's conclusory allegations against the Attorney Defendants are pure speculation, and even if taken as true for the purposes of a motion to dismiss, are insufficient to state a claim. As set forth in the Attorney Defendants motion to dismiss, Plaintiff cannot state a claim against the Attorney Defendants under Section 1983 or the Civil Rights Act because they are not state actors. See Williams v. Dark, 844 F.Supp. 210, 213 (E.D.Pa. 1993), aff'd, 19 F.3d 645 (3rd Cir. 1994) ("[p]rivate attorneys acting on behalf of their clients are not State actors") (citing Polk County v. Dobson, 454 U.S. 312, 325, 102 S.Ct.

2309381.1

Kenneth J. Rosellini, Esq.
May 28, 2015
Page 2

445, 453, 70 L.Ed.2d 509, 519 (1981)). See also Washington v. Twp. of Hillside City Council, 2008 U.S. Dist. LEXIS 51229, 35 (D.N.J. June 30, 2008) (citation omitted) (even where an attorney is appointed by a court, an attorney "does not act under the color of state law when performing a lawyer's traditional functions as counsel[.]"); McDaniel v. N.J. State Police, 2013 U.S. Dist. LEXIS 23481, 5 (D.N.J. Feb. 20, 2013) (citation omitted) ("It is well-settled that neither a privately retained counsel nor a court-appointed attorney performing a lawyer's traditional function is deemed acting under color of law."). Further, Plaintiff cannot allege any conduct by the Attorney Defendants that rises to the level of "outrageous" that would sustain a claim for intentional infliction of emotional distress. See Buckley v. Trenton Sav. Fund Soc'y, 544 A.2d 857, 863 (N.J. 1988).

For these reasons, the claims asserted by Plaintiff against the Attorney Defendants are factually and legally unsustainable. Accordingly, this firm, on behalf of the Attorney Defendants, demands that the Complaint be withdrawn and dismissed with prejudice. In the event that the Complaint is not withdrawn and dismissed within the time frame provided by Federal Rule of Civil Procedure 11, an appropriate application for sanctions against your client and your firm will be made.

Please be guided accordingly.

Very truly yours,

/s/ Christopher Carey

CHRISTOPHER J. CAREY

CJC/lmc

cc: James E. Patterson, Esq. (via e-mail)
    Reena Forst, Esq. (via e-mail)

2309381.1