IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR MONDELLI, | : Civil Action No. 14-cv-6196 (KSH)(CLW) |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| BERKELEY HEIGHTS POLICE | : |
| DEPARTMENT, et als., | : |
| | : |
| Defendants. | : |
| | : |

---

**BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR
RECONSIDERATION AND IN SUPPORT OF THE ATTORNEY
DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11**

---

**GRAHAM CURTIN**
A Professional Association
4 Headquarters Plaza; P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700
Attorneys for Defendants,
Fischer, Porter & Thomas, P.C. and
Arthur L. Porter, Jr., Esq.

Christopher J. Carey, Esq.
 *Of Counsel and on the Brief*

Megan Halverson Trexler, Esq.
 *On the Brief*

2472322.1

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT .................................................................................. 1

STATEMENT OF FACTS ........................................................................................ 2

LEGAL ARGUMENT .............................................................................................. 7

    I.     PLAINTIFF IS NOT ENTITLED TO CONSIDERATION OF
         THE COURT'S DECEMBER 21, 2015 ORDER DISMISSING
         THE COMPLAINT BECAUSE THE ATTORNEY DEFENDANTS
         ARE NOT "STATE ACTORS" ............................................................ 7

         A.    The Court Properly Found that the Attorney Defendants
               Are Not State Actors ........................................................... 8

         B.    The Common Law and State Law Claims Similarly Fail
               as a Matter of Law .............................................................. 12

    II.    RULE 11 SANCTIONS ARE WARRANTED IN THIS CASE
         AS THE ALLEGATIONS AGAINST THE ATTORNEY-
         DEFENDANTS ARE PATENTLY UNMERITORIOUS
         AND FRIVOLOUS ........................................................................... 15

CONCLUSION ...................................................................................................... 18

## TABLE OF AUTHORITIES

**Page**

**Cases**

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).................................................................... 8

Bradshaw v. Township of Middletown, 296 F. Supp. 2d 526 (D. N.J. 2003), aff'd,
    145 Fed. Appx. 763 (3d Cir. 2005).................................................................... 8

Brunner v. AlliedSignal, Inc., 198 F.R.D. 612  (D.N.J. 2001) .................................... 16

Buckley v. Trenton Sav. Fund Soc'y, 544 A.2d 857 (N.J. 1988)................................. 13

Cottrell v. Zagami, LLC, 218 N.J. 217 (2014) .......................................................... 13

Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980)........................ 10

Doering v. Union Cty. Bd. of Chosen Freeholders, 857 F.2d 191 (3d Cir. 1988)........................ 15

Ellison v. Garbarino, 48 F.3d 192 (6th Cir. 1995)..................................................... 10

Felicioni v. Administrative Office of the Courts, 404 N.J. Super. 382 (App. Div. 2008)............ 13

Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978) ............... 10

Ford Motor Company v. Summit Motor Prods., Inc. 930 F.2d 277 (3d Cir. 1991)..................... 15

Glenside West Corp. v. Exxon Co. USA, 761 F. Supp. 1100 (D. N.J. 1994)............................. 14

Groman v. Twp. of Manalapan, 47 F.3d 628  (3d Cir. 1995)............................................. 9, 10, 12

Hauptmann v. Wilentz, 570 F.Supp. 351 (D.N.J. 1983), aff'd, 770 F.2d 1070,
    cert denied, 106 S.Ct. 887, 474 U.S. 1103, 88 L.Ed.2d 922 (1986) ........................................ 11

In re Mondelli, 508 Fed. Appx. 131 (3d Cir. 2012)..................................................... 17

Jackson v. Metropolitan Edison Co., 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974).......... 10

Jeffreys v. Rossi, 275 F.Supp.2d 463 (S.D.N.Y.2003) ................................................. 17

Kach v. Hose, 589 F.3d 626 (3d Cir. 2009)............................................................... 9

Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391
    (D. N.J. 1997)........................................................................................... 9

2472322.1

## <u>TABLE OF AUTHORITIES (cont'd.)</u>

<u>Page</u>

<u>Lieb v. Topstone Indus., Inc.</u>, 788 F.2d 151 (3d Cir.1986) ............................................. 15

<u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137 (3d Cir. 1995) ........................................ 9

<u>Martin v. Brown</u>. 63 F.3d 1252 (3d Cir. 1995)........................................................... 15

<u>Mauro v. Beil</u>, 213 Fed. Appx. 131 (3d Cir. 2007)..................................................... 9

<u>Max's Seafood Cafe v. Quinteros</u>, 176 F.3d 669 (3d Cir. 1999) ............................... 7

<u>McDaniel v. N.J. State Police</u>, 2013 U.S. Dist. LEXIS 23481 (D.N.J. Feb. 20, 2013).......... 11, 16

<u>McKeesport Hospital v. Accreditation Council</u>, 24 F.3d 519 (3rd Cir. 1994) ...................... 9, 10

<u>N. River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194 (3d Cir. 1995) ................................ 7

<u>Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers</u>, 855 F.2d 1080
    (3d Cir. 1988)................................................................................................ 15

<u>Nisenbaum v. Milwaukee Cnty.</u>, 333 F.3d 804  (7th Cir.2003) .................................... 17

<u>NL Industries v. Commercial Union Ins. Co.</u>, 935 F. Supp. 513 (D.N.J. 1996)............................ 7

<u>Perez v. Zagami, LLC</u>, 218 N.J. 202 (2014).................................................................. 13

<u>Polk County v. Dobson</u>, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) .................... 11, 16

<u>Ramirez v. United States</u>, 998 F. Supp. 425 (D.N.J. 1998) ........................................... 13

<u>Rotolo v. Borough of Charleroi</u>, 532 F.2d 920 (3d Cir. 1976) ..................................... 11

<u>Santiago v. Warminster Twp.</u>, 629 F.2d 121 (3d Cir. 2010) ........................................ 8

<u>Schering Corp. v. Vitarine Pharm., Inc.</u>, 889 F.2d 490 (3d Cir. 1989)............................... 15

<u>Washington v. Twp. of Hillside City Council</u>, 2008 U.S. Dist. LEXIS 51229
    (D.N.J. June 30, 2008) ......................................................................... 11, 16

<u>West v. Atkins</u>, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)........................................ 10

<u>Williams v. Dark</u>, 844 F.Supp. 210 (E.D.Pa. 1993), <u>aff'd</u>, 19 F.3d 645 (3rd Cir. 1994) ....... 11, 16

2472322.1

## TABLE OF AUTHORITIES (cont'd.)

Page

Zavala v. Wal-Mart Stores, Inc., 2009 U.S. Dist. LEXIS 48353 (D.N.J. June 8, 2009) ............... 7

**Statutes**

42 U.S.C. § 1983 ....................................................................................................................... 8

N.J.S.A. 10:6-2(c) ........................................................................................................... 12, 13

**Rules**

L.Civ.R. 7.1(i), cmt.6(d) ............................................................................................................. 7

iv

2472322.1

## PRELIMINARY STATEMENT

In this purported civil rights action, Plaintiff fails to raise any reason for the Court to reconsider its December 21, 2015 Order and Opinion wherein the Court dismissed the Complaint in its entirety pursuant to Fed.R.Civ.P. 12(b)(6).   Indeed, outside of the Notice of Motion, Plaintiff has failed to even mention Defendants Arthur L. Porter, Jr. and Fischer, Porter & Thomas, P.C. (collectively herein referred to as the "Attorney Defendants") in his brief submitted in support of his motion for reconsideration.   Further, Plaintiff focuses exclusively on the Rooker-Feldman doctrine, discussed by the Court in connection with the municipal defendants, but does not address the reason the Court determined that the Complaint failed as a matter of law with respect to the Attorney Defendants, namely because the Attorney Defendants are not "state actors" within the meaning of 42 U.S.C. § 1983.   Undeniably, as the Court has correctly held, Plaintiff has not pled and cannot plead with specificity that the Attorney Defendants were clothed with the authority of the state.   It is therefore respectfully submitted that the Court should deny Plaintiff's motion for reconsideration.

Furthermore, counsel for the Attorney Defendants has served Plaintiff's counsel with a letter dated May 28, 2015 wherein counsel demanded the voluntary dismissal of Plaintiff's Complaint and outlined the frivolous nature of the claims as against the Attorney Defendants. Plaintiff did not dismiss the Complaint voluntarily within the safe-harbor period permitted under Fed.R.Civ.P. 11 and, instead, have continued pursuing these frivolous claims.   Therefore, it is also respectfully submitted that sanctions pursuant to Fed.R.Civ.P. 11 are warranted in this matter.

## STATEMENT OF FACTS

As Plaintiff has alluded in the Complaint, this is only the most recent litigation among Plaintiff and the Defendants herein since beginning in or around 2007. The Court has correctly concluded that the factual allegations contained in Plaintiff's Complaint fail to set forth a claim upon which relief can be granted as against Mr. Porter and his firm, who are alleged to have acted as attorneys for Defendants Jack Silverman, William Silverman, Jack Silverman Realty & Mortgage Co., LLC ("JSRM") and Berkeley Realty Partners 244, LLC ("Berkeley") (collectively referred to herein as the "Silverman Defendants").

According to his Complaint, Plaintiff has owned and operated a self-serve garden stand on a property he previously owned with his mother located at Block 80, Lot 24, more commonly known as 258 Springfield Avenue in Berkeley Heights, New Jersey, since some time in the early 1980s. (Pl.'s Compl., ECF No. 1, ¶ 19). Since in or around 1999, Plaintiff has operated the garden stand as "either an Owner of the property, a Tenant of the Property, or a Tenant at Sufferance, but always legal (sic) in possession of the property." (Id. at ¶ 20). At one time, Plaintiff and his mother (sometimes collectively referred to herein as the "Mondellis") were the owners of this property along with two other contiguous lots: 258 Springfield Avenue, a three store strip mall (the "Subject Property"); 240 Springfield Avenue, a vacant lot (the "Vacant Lot"); and 260-264 Springfield Avenue, a residential property (the "Residential Property"). (Id. at ¶ 22).

On February 18, 2004, Plaintiff filed a voluntary petition for Chapter 13 bankruptcy protection. (Id. at ¶ 26). At that time, Plaintiff was represented by counsel, but he terminated his counsel when the creditors objected to the confirmation of his initial Chapter 13 plan. (Id. at ¶ 27). The bankruptcy was converted to a Chapter 7, reconverted to Chapter 13 and ultimately

2

2472322.1

converted to a Chapter 7 and the trustee reinstated in or around February 2007. (Id. at ¶¶ 31, 34).
In or around February 2005, Mondelli retained new counsel. (Id. at ¶ 31).

In May 2007, there as an offer to purchase the Subject Property from the Mondellis for $1.3 million made through the bankruptcy auction process. (Id. at ¶ 36).  Plaintiff was unwilling to sell the Subject Property because he wanted to continue operating his garden stand. (Id. at ¶¶ 37-38).  Instead, Plaintiff sought to refinance the property, but if the refinancing failed, the Subject Property would be sold to the winning bidder from the auction. (Id. at ¶ 39).

Plaintiff entered into an agreement with JSRM and Berkeley consisting of a mortgage loan for $650,000 at 13% interest and additional fees due in 18 months, which loan was contingent upon a 99-year ground lease to Berkeley wherein payments would commence 180 days after unappealable approvals were obtained from the municipality to develop the properties. (Id. at ¶¶ 40-44).  The mortgage loan, held by JSRM, was secured by the Subject Property and the Vacant Lot as well as personal guarantees. (Id. at ¶ 42).  The Mondellis also subordinated their interest in the property for purposes of construction financing on behalf of Berkeley. (Id. at ¶ 43).

The transaction between Mondelli, JSRM and Berkeley closed in May 2007. (Id. at ¶ 46). JSRM immediately assigned the mortgage to NY Urban, another entity that financed the mortgage loan. (Id. at ¶ 47).  Shortly thereafter, JSRM and Berkeley sought a subordination agreement from Plaintiff to allow the entities to obtain construction financing. (Id. at ¶ 49). Plaintiff refused to sign the proposed agreement.  (Id. at ¶ 50).  Instead, Plaintiff sought to terminate the ground-lease and mortgage by motion in the bankruptcy court and objected to the alleged abandonment of the Subject Property and Vacant Lot by the Trustee. (Id. at ¶ 51).  JSRM and Berkeley filed a motion to enforce prior orders and the ground-lease and mortgage. (Id.).

2472322.1

In or around March 2012, JSRM obtained title to the Subject Property through Sheriff's Sale in Union County, and by Order and Opinion dated July 30, 2012, JSRM and Berkeley obtained a judgment against Plaintiff for money damages. (Id. at ¶¶ 53-56). According to the Complaint, the July 30, 2012 Order and Opinion did not address Plaintiff's tenancy in the garden stand, in which Plaintiff claims he had a life-estate. (Id. at ¶¶ 56-62).

On October 4, 2012, counsel for Plaintiff, Mr. Rosellini, and counsel for the Silverman Defendants, Mr. Porter, took part in a telephone conference with the Union County Chancery Court. (Id. at ¶ 75). At that time, Jack Silverman, William Silverman, JSRM and Berkeley advised the Court that Plaintiff was interfering with their rights by loading firewood onto the Subject Property. (Id. at ¶ 76). The Court directed the Silverman Defendants to file an Order to Show Cause for the relief they were seeking. (Id. at ¶ 79). Plaintiff alleges in his Complaint in this action that the Silverman Defendants instead directed their agents, Robert Dowling and Jack Dowling to remove the firewood and other equipment and memorabilia stored by Plaintiff from the Subject Property. (Id. at ¶ 80). Plaintiff further alleges that the Silverman Defendants directed the Dowlings to remove these items "on legal advice of Arthur Porter, Jr. and Fischer, Porter & Thomas, P.C." (Id.). Thereafter, Plaintiff claims that the Silverman Defendants, through the Dowlings, represented to the authorities in Berkeley Heights that Plaintiff had abandoned the Subject Property. (Id. at ¶ 83). Once again, Plaintiff alleges without any substantiation that this action was taken "on legal advice of Arthur Porter, Jr. and Fischer, Porter & Thomas, P.C." (Id.).

According to the Complaint, after Plaintiff's personal property was removed from the Subject Property, Plaintiff contacted the Berkeley Heights Police Department, Chief of Police Michael P. Mathis, Detective Michael Delia and Zoning Officer Thomas Bokco to inform them

of the alleged "illegal actions" taken by the Silverman Defendants. (Id. at ¶ 86). Plaintiff further alleges that Detective Delia advised Plaintiff "that if he stepped anywhere near the Garden Stand he would be arrested for trespass." (Id. at ¶ 87). Zoning Officer Bucko informed Plaintiff that he was approving permits for the Dowlings to use the garden stand to sell Christmas trees for the Christmas 2012 season. (Id. at ¶ 90).

According to Plaintiff, this conduct violated his rights as guaranteed by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution as well as his due process and equal protection rights. Plaintiff also sought relief under the New Jersey Civil Rights Act (the "Civil Rights Act") and for intentional infliction of emotional distress.

In response to the barren and conclusory allegations alleged in the Complaint, on January 22, 2015, the Attorney Defendants filed a motion to dismiss the Complaint in lieu of an answer pursuant to Fed.R.Civ.P. 12(b)(6). In the motion to dismiss, the Attorney Defendants argued that the Complaint failed as a matter of law because the Attorney Defendants are not "state actors," no conduct by the Attorney Defendants rose to the level of "outrageous" that would sustain a claim for intentional infliction of emotional distress and the claims were barred by New Jersey's Entire Controversy Doctrine. (See Def.'s Motion to Dismiss, ECF No. 18).

Furthermore, counsel for the Attorney Defendants put Plaintiff and his counsel on notice by letter dated May 28, 2015 of the frivolous nature of the claims asserted against the Attorney Defendants as outlined in the motion to dismiss. (Declaration of Christopher J. Carey, Esq. dated January 19, 2016 and submitted herewith, Exhibit A). The May 28, 2015 letter demanded the voluntary dismissal of the claims with prejudice and advised that the instant application for sanctions pursuant to Fed.R.Civ.P. 11 would be filed if the Complaint was not voluntarily dismissed. Rather than dismissing the Complaint voluntarily within the safe-harbor period

provided by Fed.R.Civ.P. (c)(2) 11, Plaintiff continued to pursue discovery.  Further, in response to the Court's dismissal of this matter by Order and Opinion dated December 21, 2015, Plaintiff filed a motion for reconsideration wherein Plaintiff does not even mention the Attorney Defendants or the claims against them.

As this time, it is respectfully submitted that Plaintiff's motion for reconsideration be denied and that sanctions pursuant to Fed.R.Civ.P. 11 are warranted in this matter.

6

## LEGAL ARGUMENT

### POINT I

**PLAINTIFF IS NOT ENTITLED TO RECONSIDERATION OF THE COURT'S DECEMBER 21, 2015 ORDER DISMISSING THE COMPLAINT BECAUSE THE ATTORNEY DEFENDANTS ARE NOT "STATE ACTORS"**

"Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" NL Industries v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). See also L.Civ.R. 7.1(i), cmt.6(d). A judgment may be altered or amended if the moving party shows one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Importantly "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and argument considered by the court before rendering its original decision fails to carry the moving party's burden.'" Zavala v. Wal-Mart Stores, Inc., 2009 U.S. Dist. LEXIS 48353 (D.N.J. June 8, 2009) (citation omitted). Furthermore, a motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. NL Industries, 935 F. Supp. at 516.

As made plain by the Court's opinion, the Court considered all of the relevant facts and determined that the Complaint failed as a matter of law as to all Defendants for several reasons. In particular, the Court found that the Complaint failed as a matter of law as to the Attorney Defendants because neither Mr. Porter nor the Firm are "state actors" within the meaning of 42

2472322.1

U.S.C. § 1983. Plaintiff's motion for reconsideration does not address this unambiguous and dispositive finding. Accordingly, Plaintiff has presented no reason for the Court to reconsider its ruling. Plaintiff's motion should be denied.

**A.    The Court Properly Found that the Attorney Defendants Are Not State Actors.**

As the Court has properly concluded, Plaintiff does not allege any facts to demonstrate that the Attorney Defendants acted outside of their traditional role as counsel. Further, Plaintiff's conclusory allegation that the Attorney Defendants provided advice to the Silverman Defendants as a part of a conspiracy are insufficient to support a claim under Section 1983 and was properly disregarded by the Court. See Santiago v. Warminster Twp., 629 F.2d 121, 128 (3d Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)) (finding that the Court will "disregard legal conclusions and 'recitals of the elements of a cause of action, supported by mere conclusory statements.'"). Plaintiff has failed to demonstrate any reason that this holding should be overturned; accordingly, the Complaint was properly dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

Section 1983 provides a remedy for the deprivation of rights established in the United States Constitution or other federal laws. Bradshaw v. Township of Middletown, 296 F. Supp. 2d 526, 537 (D. N.J. 2003), aff'd, 145 Fed. Appx. 763 (3d Cir. 2005). Specifically, Section 1983 provides that every:

> person who under color of any statute, ordinance, regulation, custom, or usage . . . subject, or causes to be subjected, any citizen of the United States. . .to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity or other proper proceeding for redress.

Therefore, to state a claim pursuant to Section 1983, a plaintiff must establish "(1) conduct committed by a person acting under color of state law, and (2) that this conduct deprived [him

or] her of 'rights, privileges, or immunities secured by the Constitution and laws of the United States.'" <u>Lee-Patterson v. New Jersey Transit Bus Operations, Inc.</u>, 957 F. Supp. 1391, 1398 (D. N.J. 1997) (citation omitted) (emphasis added).

Where the defendants are not state or municipal entities, like the Attorney Defendants in this case, the Court must determine whether "their activity can nevertheless be deemed to be under color of law." <u>Groman v. Twp. of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995).  This requirement is a threshold issue; there can be no liability under 42 <u>U.S.C.</u> § 1983 if the defendant did not act under color of law. <u>Id.</u>  There is no "simple line" between state and private actors; however, the Third Circuit has explained that "[t]he principal question at stake is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." <u>Kach v. Hose</u>, 589 F.3d 626, 646 (3d Cir. 2009) (citations omitted).  <u>See</u> <u>also</u> <u>Mauro v. Beil</u>, 213 Fed. Appx. 131, 132 (3d Cir. 2007) (affirming the dismissal of the plaintiff's complaint because the defendants were not State actors and they did not act under color of State law where the plaintiff alleged only that the defendants pretended to be affiliated with law enforcement).

To determine whether this nexus exists, thereby establishing that a private entity's activity can be deemed to be under color of law, the Third Circuit has delineated three tests generated from Supreme Court jurisprudence:

> (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; and (3) whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."

<u>Id.</u>, (citing <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1142 (3d Cir. 1995)); <u>McKeesport Hospital v. Accreditation Council</u>, 24 F.3d 519, 524 (3rd Cir. 1994).  Regardless of the approach,

however, the analysis of whether a private individual is acting under color of State law is "grounded in a basic and clear requirement 'that the defendants ... have exercised power possessed by virtue of State law and made possible only because [they are] clothed with the authority of State law.'" Groman, supra, 47 F.3d at 638 (quoting West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40, 46 (1988)).  If none of the elements of each of these tests are present, there is no State action and the case must be dismissed.  Id.

Mondelli's bare claim against the Attorney Defendants acted "in concert with" the authorities from Berkeley Heights fails under any of these three tests. See e.g., McKeesport, 24 F.3d at 524 (quoting Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 157, 98 S.Ct. 1729, 1734, 56 L.Ed.2d 185, 194 (1978)). (Under the exclusive government function approach, State action may be found when the private party has been "delegated ... a power 'traditionally exclusively reserved to the State.'").  For instance, under the nexus approach, State action may be found if "'there is a sufficiently close nexus between the State and the challenged action of the [private] entity so that the action of the latter may fairly be treated as that of the State itself.'" McKeesport, supra, 24 F.3d at 524 (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477, 482 (1974)). See also Ellison v. Garbarino, 48 F.3d 192, 195 (6th Cir. 1995) ("the nexus test requires sufficiently close relationship (i.e., through State regulation or contract) between the State and the private actor so that the action taken may be attributed to the State").  Under the joint participation or symbiotic relationship approach, State action may be found if the private party is a "willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185, 189 (1980). See also McKeesport, supra, 24 F.3d at 524 (State action may be found where the private party "has acted with the help of or in concert with State officials").

Plaintiff alleged the Attorney Defendants participated in the alleged "conspiracy" by providing legal advice to the Silverman Defendants. (Pl.'s Compl., ECF No. 1, ¶¶ 80, 83).  This alleged conduct is not the type traditionally reserved for the state or suggest that the Attorney Defendants were acting closely or in concert with State officials; rather, the connection between the Attorney Defendants and the other Defendants is that of attorney and client.

Furthermore, these conclusory allegations are not sufficient to render the Attorney Defendants state actors because the "specificity of pleading rules fully apply to allegations that private parties conspired with state officials." See Hauptmann v. Wilentz, 570 F.Supp. 351, 381-82 (D.N.J. 1983), aff'd, 770 F.2d 1070, cert denied, 106 S.Ct. 887, 474 U.S. 1103, 88 L.Ed.2d 922 (1986) (internal citations omitted) ("It is not enough, however, to make merely broad or conclusory allegations concerning the existence of such a conspiracy…Thus, vague and conclusory allegations in civil rights complaints will not survive a motion to dismiss.").  See also Rotolo v. Borough of Charleroi, 532 F.2d 920, 922 (3rd Cir. 1976) ("[i]n this circuit, plaintiffs in civil rights cases are required to plead facts with specificity").   Moreover, Courts have specifically found that private attorneys acting on behalf of their clients are not state actors for purposes of Section 1983. Williams v. Dark, 844 F.Supp. 210, 213 (E.D.Pa. 1993), aff'd, 19 F.3d 645 (3rd Cir. 1994) ("[p]rivate attorneys acting on behalf of their clients are not State actors") (citing Polk County v. Dobson, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509, 519 (1981)). See also Washington v. Twp. of Hillside City Council, 2008 U.S. Dist. LEXIS 51229, 35 (D.N.J. June 30, 2008) (citation omitted) (even where an attorney is appointed by a court, an attorney "does not act under the color of state law when performing a lawyer's traditional functions as counsel[.]"); McDaniel v. N.J. State Police, 2013 U.S. Dist. LEXIS 23481, 5 (D.N.J. Feb. 20, 2013) (citation omitted) ("It is well-settled that neither a privately retained counsel nor a

11

court-appointed attorney performing a lawyer's traditional function is deemed acting under color of law.").

Thus, Mondelli failed to plead a cognizable cause of action against the Attorney Defendants because Mondelli cannot establish the basic and clear requirement "that [these defendants] ... have exercised power possessed by virtue of State law and made possible only because [they are] clothed with the authority of State law." Groman, supra, 47 F.3d at 638 (citations omitted).  In his motion for reconsideration, Plaintiff has failed to raise any reason whatsoever that the Court should reconsider this clear ruling.

**B.     The Common Law and State Law Claims Similarly Fail as a Matter of Law.**

Although the Court declined to exercise jurisdiction over Plaintiff's state law and common law claims, the Court's finding that the Attorney Defendants did not act under color of state law also applies to the Civil Rights Act.  Therefore, Plaintiff's claim for alleged violations of his constitutional rights under the Civil Rights Act is also properly dismissed.  Additionally, Plaintiff's barren Complaint fails to state a claim for intentional infliction of emotional distress. Both of these claims similarly fail as a matter of law and should be dismissed with prejudice.

**i.     Plaintiff's Claim Under the Civil Rights Act Should Be Dismissed.**

The Civil Rights Act provides, in pertinent part that:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J.S.A. 10:6-2(c).  Accordingly, the Civil Rights Act "provides a person may bring a civil action under the Act in two circumstances: (1) when he's deprived of a right, *or* (2) when his

rights are interfered with by threats, intimidation, coercion or force." Felicioni v. Administrative Office of the Courts, 404 N.J. Super. 382, 400 (App. Div. 2008).

Similar to the claims under Section 1983, a private cause of action under the Civil Rights Act *must* involve "a person acting under color of law." Perez v. Zagami, LLC, 218 N.J. 202, 216 (2014) ("Our interpretation of the private action authorized under N.J.S.A. 10:6-2(c) advances that legislative intent to make the private cause of action correlate to the federal cause of action authorized by Section 1983...we hold that the phrase "person acting under color of law" in N.J.S.A. 10:6-2(c) applies to deprivation as well as to interference, or attempt-to-interferm, claims brought by private party plaintiffs under the Act."); Cottrell v. Zagami, LLC, 218 N.J. 217, 220 (2014) (finding, consistent with the holding in Perez, supra, that a private right of action under the Civil Rights Acts exists only as against an individual "acting under color of law."). As the Court has found, the Attorney Defendants did not act under the color of state law. Accordingly, the Complaint fails to set forth a claim under the Civil Rights Act.

### ii.   Plaintiff's Claim for Intentional Infliction of Emotional Distress Fails as a Matter of Law.

Plaintiff similarly has not stated and cannot state a claim for intentional infliction of emotional distress as against the Attorney Defendants.  To state a claim for intentional infliction of emotional distress, a plaintiff must show:

> conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community," (2) a deliberate act, committed with the intent to cause emotional distress or with deliberate disregard of a high probability that emotional distress would occur, (3) proximately causing emotional distress that is "so severe that no reasonable man could be expected to endure it."

Ramirez v. United States, 998 F. Supp. 425, 434 (D.N.J. 1998) (citing Buckley v. Trenton Sav. Fund Soc'y, 544 A.2d 857, 863 (N.J. 1988)).  Apparently, Plaintiff bases this claim on the same

13

conduct by the Attorney Defendants as he alleges supports his Section 1983 claims. This claim likewise fails.

Even taking the conclusory and unsubstantiated allegations of conduct on behalf of the Attorney Defendants as true, i.e., giving legal advice to remove items from Plaintiff's garden stand, the same does not arise to "outrageous conduct." Instances where outrageous conduct has been found include where a physician told parents that their son had cancer when he did not, where a hospital was unable to find the body of a deceased infant for three weeks and where a defendant brought a mob of people to the plaintiff's home threatening to lynch him if he did not move out of the town. See Glenside West Corp. v. Exxon Co. USA, 761 F. Supp. 1100, 1113 (D. N.J. 1994) (citations omitted). The Attorney Defendants' conduct falls well short of the requisite "atrocious and utterly intolerable" conduct. Therefore, Plaintiff's claim for intentional infliction of emotional distress is also properly dismissed for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

14

## POINT II

## RULE 11 SANCTIONS ARE WARRANTED IN THIS CASE AS THE ALLEGATIONS AGAINST THE ATTORNEY-DEFENDANTS ARE PATENTLY UNMERITORIOUS AND FRIVOLOUS

Fed.R.Civ.P. 11 requires an attorney who signs a complaint to certify that the claims therein have reasonable basis in law and fact. Fed.R.Civ.P. 11(b).  This Rule therefore is "intended to discourage pleadings that are 'frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith.'" Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080, 1090-91 (3d Cir. 1988) (citing Lieb v. Topstone Indus., Inc., 788 F.2d 151 (3d Cir.1986)).  Sanctions are warranted in "'exceptional circumstances' where a claim or motion is patently unmeritorious or frivolous." Doering v. Union Cty. Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988) (citations omitted).  The Rule's "primary purpose is deterrence of abuses of the legal system." Id.  As stated by the Third Circuit, "[t]he legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonable under the circumstances." Ford Motor Company v. Summit Motor Prods., Inc. 930 F.2d 277, 289 (3d Cir. 1991) (finding the district court did not abuse its discretion in not awarding Rule 11 sanctions where the facts alleged could have constituted fraud as plead).  The Third Circuit has defined reasonableness as "an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim is well-grounded in fact and in law." Id.  A finding a "bad faith" is not required. Martin v. Brown. 63 F.3d 1252, 1264 (3d Cir. 1995).

Here, the filing of the Complaint against the Attorney Defendants and refusal to dismiss it when it has no basis in law or fact violated Fed.R.Civ.P. 11(b)(2) and (3), which require a reasonable inquiry into the facts and law before filing a pleading to ensure there is a good faith basis for the pleading. Schering Corp. v. Vitarine Pharm., Inc., 889 F.2d 490, 496 (3d Cir. 1989);

15

Brunner v. AlliedSignal, Inc., 198 F.R.D. 612, 618 (D.N.J. 2001) (Orlofsky, J.) (sanctioning an attorney for filing a pleading that had no basis in law or fact).  Without any factual substantiation whatsoever, Plaintiff alleges that the Attorney Defendants participated in a "conspiracy" to deprive him of various rights as guaranteed by the United States Constitution by providing legal advice to their clients.   This utter speculation is the only factual allegation purportedly supporting Plaintiff's alleged Section 1983 conspiracy claim against the Attorney Defendants. Therefore, Plaintiff's claim has no basis in fact.  Further, as set forth above in detail, private attorneys acting solely as private counsel without more are simply not acting under color of state law. See Williams v. Dark, 844 F.Supp. 210, 213 (E.D.Pa. 1993), aff'd, 19 F.3d 645 (3rd Cir. 1994) ("[p]rivate attorneys acting on behalf of their clients are not State actors") (citing Polk County v. Dobson, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509, 519 (1981)). See also Washington v. Twp. of Hillside City Council, 2008 U.S. Dist. LEXIS 51229, 35 (D.N.J. June 30, 2008) (citation omitted) (even where an attorney is appointed by a court, an attorney "does not act under the color of state law when performing a lawyer's traditional functions as counsel[.]"); McDaniel v. N.J. State Police, 2013 U.S. Dist. LEXIS 23481, 5 (D.N.J. Feb. 20, 2013) (citation omitted) ("It is well-settled that neither a privately retained counsel nor a court-appointed attorney p erforming a lawyer's traditional function is deemed acting under color of law."). Accordingly, Plaintiff's claim has no basis in law.

In light of the unambiguous case law demonstrating the frivolous nature of Plaintiff's claim, on May 28, 2015, counsel for the Attorney Defendants sent a letter detailing the frivolous nature of the claims against the Attorney Defendants and demanding the voluntary dismissal of those claims.  Counsel did not receive a response to this letter.  At this time, Plaintiff has had ample time to dismiss the Complaint and cease pursuit of this frivolous action as against the

16

Attorney Defendants. See In re Mondelli, 508 Fed. Appx. 131, 135 (3d Cir. 2012) (citing Nisenbaum v. Milwaukee Cnty., 333 F.3d 804, 808 (7th Cir.2003) and Jeffreys v. Rossi, 275 F.Supp.2d 463, 480 n. 27 (S.D.N.Y.2003)) (finding that a letter written to Mr. Rosellini, counsel for the plaintiff, Mondelli, requesting withdrawal of frivolous documents substantially complied with the safe harbor provision in Rule 11). Instead, Plaintiff filed a motion for reconsideration, which, though directed to the Attorney Defendants, fails to even mention them.

Accordingly, Rule 11 sanctions are warranted to deter Plaintiff and his counsel from continuing to pursue this and other patently frivolous and unmeritorious claims against the Attorney Defendants. It is therefore respectfully submitted that Rule 11 sanctions be awarded to the Attorney Defendants. A certification of services detailing the attorneys' fees incurred to date by the Attorney Defendants will be submitted in support of this application upon the Court's request.

## CONCLUSION

For the reasons set forth herein, Plaintiff's motion for reconsideration should be denied. Further, it is respectfully submitted that the motion for sanctions pursuant to Fed.R.Civ.P. 11 should be granted.

Respectfully submitted,

**GRAHAM CURTIN**
A Professional Association
Attorneys for Defendants,
*Fischer, Porter & Thomas, PC.*
*and Arthur L. Porter, Jr. Esq.*

Dated: January 19, 2016                   By: _/s/ Christopher J. Carey_____
                                              CHRISTOPHER J. CAREY

18