**KENNETH ROSELLINI (6047)**
**ATTORNEY AT LAW**
636A Van Houten Avenue
Clifton, New Jersey 07013
 (973) 998-8375 Fax (973) 998-8376
*Attorney for Plaintiff, Victor Mondelli*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| VICTOR MONDELLI, <br><br> Plaintiff, <br><br> v. <br><br> BERKELEY HEIGHTS POLICE DEPARTMENT, ET AL., <br><br> Defendants. | CIVIL ACTION <br><br> Case No. : 2:14-CV-06196-KSH-CLW |
|---|---|

**BRIEF IN OPPOSITION TO MOTION FOR SANCTIONS BY DEFENDANTS FISCHER, PORTER & THOMAS, P.C. AND ARTHUR PORTER, JR., ESQ.**

_____

# **TABLE OF CONTENTS**

                                                                                            **Page**

**PRELIMINARY STATEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**LEGAL ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.      **The Porter Defendants Conspired to Violate the Plaintiff's Civil Rights Under Color of State Law** . . . . . . . . . . . . . . . . . . . . . . . 2

    II.     **The Porter Defendants' Rule 11 Motion is Defective and the Plaintiff's Complaint does not Violate Rule 11** . . . . . . . . . . . . . . . 9

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# PRELIMINARY STATEMENT

The Defendants Fischer, Porter & Thomas, P.C. and Arthur L. Porter, Jr. (hereinafter referred to at times as the "Porter Defendants") submit that because the Plaintiff did not address the claims against the Porter Defendants that somehow this is an admission that "Plaintiff has not pled and cannot plead with specificity that the Attorney Defendants were clothed with the authority of the state." (See page 1 of Porter Defendants' Brief on Cross-Motion). The Porter Defendants then assert that this is a basis for their Cross-Motion for Rule 11 Sanctions. The fact that Plaintiff did not seek reconsideration of the Court's decision as to the Porter Defendants was based solely on a decision by Plaintiff's counsel that this was an issue more properly addressed on appeal than reconsideration. In fact, Plaintiff has pled with specificity against the Porter Defendants that they acted in conspiracy with the Berkeley Heights Police Defendants and in maliciously prosecuting the Plaintiff for Trespass. The Court and the Porter Defendants rely solely on a line of cases citing to *Polk County v. Dodson*, 454 U.S. 312 (1981), but *Polk* is inapposite to the within case. The Porter Defendants, as private attorneys charged in a §1983 Civil Rights Complaint with conspiring with state officials acted under color of state law to illegally seize property, are clearly acting under color of state law for purposes of a §1983 action. This distinction has been recognized by federal courts, including the United States Supreme Court, subsequent to *Polk*, but has

been completely ignored by the Porter Defendants and the Court in this case. *See Tower v. Glover*, 467 U.S. 914, 918-20, 104 S. Ct. 2820, 2824, 81 L. Ed. 2d 758 (1984). To the extent that the Porter Defendants address the Plaintiff's state law claims in this motion, this court is without jurisdiction as it has declined to exercise jurisdiction over Plaintiff's state law claims—Plaintiff is appropriately pursuing those claims in state court and there is no reason to address those claims here at this time. Finally, the Porter Defendants have not complied with the requirements for seeking Rule 11 sanctions, and the motion therefore is procedurally defective on its face. For these reasons, the motion for sanctions must be denied.

## LEGAL ARGUMENT

### I. The Porter Defendants Conspired to Violate the Plaintiff's Civil Rights Under Color of State Law

The Porter Defendants are Defendants in this matter because they advised and conspired with the Defendants Jack Silverman, William Silverman, and Jack Silverman Realty & Mortgage, Co., Inc. to violate the Plaintiff, Victor Mondelli's due process rights and property rights (as tenant or tenant at sufferance) in his Garden Stand in Berkeley Heights, New Jersey, without a Warrant of Removal or Writ of Possession and with the threat of false criminal trespass charges at the behest of the Berkeley Heights Police Department. The Porter Defendants conspired with the Berkeley Heights Police Defendants, clearly state actors that

acted under color of law, who threatened arrest of Plaintiff if he returned to his property.  The Porter Defendants then participated in the malicious prosecution of the Plaintiff for trespass, but were denied the role of prosecutor because of their self-interest in the matter. *See State v. Storm*, 141 N.J. 245, 255-56, 661 A.2d 790, 796 (1995) ("Given the acrimonious relationship between Storm and Young, including their lengthy litigious history, we find that Hedesh's obligations to Young as her private attorney creates at least the appearance that he could not act as a private prosecutor with impartiality.").

It is incontrovertible that in October of 2012, Victor Mondelli was either a Tenant or a Tenant at Sufferance legal in possession of the Garden Stand in Berkeley Heights which he had continually operated for over thirty years.  It is incontrovertible that, in order to dispossess Victor Mondelli of his rights in the Garden Stand, Jack Silverman, William Silverman, and/or Jack Silverman Realty & Mortgage, Co., Inc. needed to seek and obtain, through proper due process, either a Writ of Possession or a Warrant of Removal from a New Jersey Superior Court Judge, serve it on Victor Mondelli, and then provide for proper notice and execution of the Warrant or Writ by a Union County Sheriff's Officer.  It is uncontroverted that Jack Silverman, William Silverman, and/or Jack Silverman Realty & Mortgage, Co., Inc. did not obtain a Writ of Possession or Warrant of Removal as to Victor Mondelli's interest in the Garden Stand.  It is uncontroverted

3

that, while being advised by the Porter Defendants to do so, Jack Silverman, William Silverman, and/or Jack Silverman Realty & Mortgage, Co., Inc. sought and obtained the assistance of the Berkeley Heights Police Department to break into Victor Mondelli's Garden Stand, remove and destroy over $1,000 in irreplaceable family memorabilia, and then have Victor Mondelli charged with Criminal Trespass.  Thus, the Porter Defendants conspired, with the Berkeley Heights Police Department under the color of state law, to illegally dispose Victor Mondelli of his rights in the Garden Stand in violation of known Fourteenth Amendment due process rights involving the obtaining of either a Writ of Possession or a Warrant of Removal.  The Criminal Trespass Charges against Victor Mondelli are still pending.

The Plaintiff has stated a §1983 The Defendants Fischer, Porter & Thomas, P.C. and Arthur L. Porter, Jr in conspiracy with the other defendants in this case.

> 42 U.S.C. § 1983 ("Section 1983") provides a cause of action against a person "who, under the color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Id.* The purpose of Section 1983 is "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."
>
> To state a claim under Section 1983, Patterson must allege (1) conduct committed by a person acting under color of state law, and (2) that this conduct deprived her of "rights, privileges, or immunities secured by the Constitution and laws of the United States."

*See Lee-Patterson v. New Jersey Transit Bus Operations, Inc.*, 957 F. Supp. 1391, 1397-98 (D.N.J. 1997) (citations omitted).

The Court and the Porter Defendants incorrectly rely on the *Polk County v. Dodson*, 454 U.S. 312 (1981) line of cases in asserting that the Porter Defendants acted in traditional roles as attorneys not ordinarily under color of state law. The within matter, however, involves a conspiracy with state actors to deprive the Plaintiff of his property through an illegal seizure of his property without due process of law.

> Though a court appointed attorney performing a lawyer's traditional functions does not ordinarily act under color of state law, an attorney who allegedly conspires with federal officials in their official capacity is considered to engage in state  *554 action.11 **Compare Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (court appointed counsel in a state criminal proceeding performing traditional lawyerly functions does not act under color of state law for purposes of section 1983) with Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) (private persons who allegedly conspired with a state judge in violation of section 1983 did act under color of state law); Tower v. Glover, 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984) (public defenders charged with conspiring with state officials acted under color of state law).**

*See Lewis v. Green*, 629 F. Supp. 546, 553-54 (D.D.C. 1986) (Emphasis added).

> **As is clear from the discussion in Part II, <u>we have consistently held that a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a "state actor" for purposes of the Fourteenth Amendment</u>.** The rule in these cases is the same as that articulated in Adickes v. S. H. Kress & Co., supra, 398 U.S., at 152, 90 S.Ct., at 1605–1606, in the context of an equal protection deprivation:" 'Private persons, jointly engaged with state officials in the prohibited action, are acting "under color" of law for purposes of the statute. **To act "under color" of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents**,' " quoting United States v. Price, 383 U.S., at 794, 86 S.Ct., at 1157.

*See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941, 102 S. Ct. 2744, 2756, 73 L. Ed. 2d 482 (1982) (Emphasis added).

> **Glover filed a petition for postconviction relief in the Circuit Court of the State of Oregon for Marion County, seeking to have his conviction set aside on the basis of the alleged conspiracy between his lawyers and various state officials** . . . . II1 Title 42 U.S.C. § 1983 provides that "[e]very person" who acts "under color of" state law to deprive another of constitutional rights shall be liable in a suit for damages. Petitioners concede, and the Court of Appeals agreed, that Glover's conspiracy allegations "cast the color of state law over [[[petitioners'] actions." Brief for Petitioners 14; see 700 F.2d, at 558, n. 1.2  *920 **In Polk County v. Dodson, supra, we held that appointed counsel in a state criminal prosecution, though paid and ultimately supervised by the State, does not act "under color of" state law in the normal course of conducting the defense. See also Ferri v. Ackerman, supra. In Dennis v. Sparks, 449 U.S. 24, 27–28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980), however, the Court held that an otherwise private person acts "under color of" state law when engaged in a conspiracy with state officials to deprive another of federal rights. Glover alleges that petitioners conspired with state officials, and his complaint, therefore, includes an adequate allegation of conduct "under color of" state law.**

6

*See Tower v. Glover*, 467 U.S. 914, 918-20, 104 S. Ct. 2820, 2824, 81 L. Ed. 2d 758 (1984) (Emphasis added).

In the within case, the Porter Defendants acted in conspiracy with Jack Silverman, William Silverman, Jack Silverman Realty & Morgtage Co., Inc. and the Berkeley Heights Police Department to unlawfully dispossess the Plaintiff of his possession of the Garden Stand and his family memorabilia, by use of the Berkeley Heights Police Department under threat of Mondelli's arrest and causing Victor Mondelli to be charged with criminal trespass.  The Porter Defendants do not even deny this conduct, and assert that they are not state actors.  They, however, may not deny the well-pled allegations of the Plaintiff as they state a claim as to the Porter Defendants actions being under color of state law for 42 *U.S.C.A.* §1983 liability to attach, and for the Plaintiff to be entitled to discovery against these Defendants in this case.

It is uncontroverted that in order for Jack Silverman, William Silverman, and/or Jack Silverman Realty & Mortgage Co., Inc. to dispossess Plaintiff of his legal possession of the Garden Stand that they must have done so pursuant to a Writ of Possession or a Warrant of Removal, as cited by the Plaintiff in his Complaint.  *See In re St. Clair*, 251 B.R. 660 (D.N.J. 2000); *Matter of Mullarkey*, 81 B.R. 280 (Bankr.D.N.J. 1987).  The Porter Defendants, in violation of this due process under the Fourteenth Amendment caused Victor Mondelli to be dispossessed of his

property without due process of law under uncontrovertibly required court procedures. The conspiracy in this case included the threat of the Plaintiff's arrest if he maintained his legal possession of the garden stand. Such unlawful threats are clearly actionable under §1983.

> However, Lieutenant George did not remain neutral, but advised Latshaw that she had a right to immediate possession of the van. Lt. George also ignored Millstein's ardent protest of the seizure, and threatened to arrest Millstein if he did not move his car to make way for Latshaw. Although he was not the instigator, a jury could find that Lt. George, by his conduct, joined forces with Diehl in the unconstitutional deprivation, going beyond the permissible conduct outlined in Menchaca. See, e.g., Booker v. City of Atlanta, 776 F.2d 272, 274 (11th Cir.1985) (plaintiff can withstand summary judgment if jury could find that police involvement constitutes intervention and aid). This affirmative intervention and aid constitutes a sufficient basis for a reasonable trier of fact to find that Lt. George played a role in the seizure and resulting violation of Abbott's constitutional rights. Sarsfield and Stafford are therefore entitled to dismissal of the claims against them, but Lt. George is implicated in the constitutional violation.

*See Abbott v. Latshaw*, 164 F.3d 141, 147 (3d Cir. 1998) (emphasis added). In the within matter, the Berkeley Heights Municipal Defendants clearly improperly threatened the Plaintiff with arrest, and the extent to which they conspired with the Porter Defendants was about to be revealed in depositions scheduled in January of this year.

There is no explanation from the Porter Defendants as to why they failed to follow the Union County Chancery Court's instructions to file a civil order to show cause, which would have been a traditional function of an attorney for which no

§1983 liability would have attached, but instead chose to illegally dispossess the Plaintiff of his Garden Stand under threat of arrest. Instead of distancing themselves from this unlawful conduct, they conspired to participate in it and then attempted to justify it in the form of a criminal prosecution in municipal court. These are not the traditional lawyers' functions for which no §1983 liability attaches, but is a conspiracy with state actors to deprive the Plaintiff of his property, for which §1983 liability attaches as an action under color of state law. *See Tower v. Glove*r, 467 U.S. 914, 918-20, 104 S. Ct. 2820, 2824, 81 L. Ed. 2d 758 (1984).

## II. The Porter Defendants' Rule 11 Motion is Defective and the Plaintiff's Complaint does not Violate Rule 11

With regard to Rule 11, a "court considering the imposition of Rule 11 sanctions must bear in mind that such sanctions are to be imposed only in exceptional circumstances, 'where the claim or motion is patently unmeritorious or frivolous.' " *Ritter v. Clinton House Rest.*, 64 F.Supp.2d 374, 396 (D.N.J.1999) (quoting *Dura Systems, Inc. v. Rothbury Invs., Ltd.*, 886 F.2d 551, 556 (3d Cir.1989)). The legal standard for alleged violations of Rule 11 is "reasonableness under the circumstances." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir.1993) (citing *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991)).

Reasonableness is defined as "an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in fact and law." *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1359 (3d Cir.1990) (quoting *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540 (3d Cir.1985)).

Rule 11, however, is "not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Dura Systems, 886 F.2d at 556 (citing Fed.R.Civ.P. 11 (advisory committee notes)), quoting Amboy *Bancorporation v. Jenkens & Gilchrist*, WL 2746832 (D.N.J. 2007). For the reasons set forth *supra*, Plaintiff's claims against the Porter Defendants are well grounded in fact and law, and are therefore not frivolous.

In addition, the Porter Defendants failed to provide the Plaintiff with a proposed Notice of Motion for sanctions or the form of the motion, which is a strict requirement for imposing Rule 11 sanctions. The Second Circuit, in a published decision in June of 2012, found that the safe-harbor provision is a "strict procedural" requirement which is a condition precedent to apply sanctions, and at a minimum requires the service of a "Notice of Motion", something that the Appellees in the within matter failed to do. The safe-harbor provision is a strict procedural requirement. *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 142 n. 4 (2d Cir.2002); *see also Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1327–29 (2d Cir.1995). An informal warning in the form of a letter without service of a separate

Rule 11 motion is not sufficient to trigger the 21–day safe harbor period. *L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 89–90 (2d Cir.1998) (request for sanctions in letter without separate service of motion did not comply with Rule 11's requirement that sanctions motion be made separately); *Gal v. Viacom Int'l, Inc.*, 403 F.Supp.2d 294, 309 (S.D.N.Y.2005) ("[T]he plain language of the rule states explicitly that service of the motion itself is required to begin the safe harbor clock—the rule says nothing about the use of letters."); accord *Roth v. Green*, 466 F.3d 1179, 1191–93 (10th Cir.2006); *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029–30 (8th Cir.2003); *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir.2001).

In addition, the Porter Defendants failed to file their Rule 11 Motion until after the Court had already issued a final order dismissing the complaint and closing the case. This combined with the failure to serve a proper safe harbor copy of the proposed motion, mandates denial of the Rule 11 Sanctions.

> We agree with Barley that Fox Chase is not entitled to sanctions under Rule 11. Fox Chase offers no excuse or legal support for its failure to file any Rule 11 sanctions motion prior to Barley's summary judgment motion or in the three weeks before we issued our Opinion. Nor could it find such support: Rule 11's safe harbor is not optional but rather integral to the Rule's purpose of having parties self-correct without court intervention. *See Schaefer Salt*, 542 F.3d at 99 ("the purpose of the safe harbor is to give parties the opportunity to correct their errors"). The Advisory Committee Notes to the 1993 amendment clarify that "[g]iven the 'safe harbor' provisions ..., a party cannot delay serving its Rule 11 motion until conclusion of the case." Again, the period for a Rule 11 filing ended when

11

we granted Fox Chase's summary judgment motion. Fox Chase's motion is untimely and its failure to comply with the safe harbor cannot be excused.Nor could Fox Chase's June 12, 2014 letter be fairly construed to constitute a Rule 11 motion. Attorney Arduini wrote on Fox Chase's behalf "to request that your client immediately dismiss her claims in light of her statements to the Social Security Administration ("SSA")." She cited case law in support of Fox Chase's judicial estoppel argument and reviewed Barley's claims and SSA testimony. Mot. for Sanctions, Ex. A. Arduini concluded, "In light of the above, your client's claims are baseless. We look forward to hearing from you after you review this letter and your client's SSA file." Id. Rule 11 is notable only by its absence. **Even had Fox Chase bared its Rule 11 teeth in the letter, many Circuit courts have found that sending an informal letter instead of serving a Rule 11 motion fails to comply with the Rule's obligations.** See Albibi v. Tiger Mach. Co., Ltd., 2014 WL 3548312 at *2 (D.N.J. July 17, 2014) (collecting cases). The Eighth Circuit found insufficient an email threat to seek Rule 11 sanctions, Gordon v. Unifund CCR Partners, 345 F.3d 1028, 1029–30 (8th Cir.2003); the Fifth Circuit required formal service of a Rule 11 motion, In re Pratt, 524 F.3d 580, 588 (5th Cir.2008); and the Ninth Circuit reversed a district court's award of sanctions based on a belated motion because it failed to comply with the Rule 11 requirement for timely service, *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir.1998).

*See Barley v. Fox Chase Cancer Ctr.*, 54 F. Supp. 3d 396, 407 (E.D. Pa. 2014)

(Emphasis added).

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Pending Motion for Rule 11 Sanctions be Denied.

Dated: January 26, 2016                    Respectfully Submitted,

                                           /s/ Kenneth Rosellini

                                           Kenneth Rosellini

12