**Not for Publication**

**United States District Court**
**for the District of New Jersey**

| | |
|---|---|
| VICTOR MONDELLI,<br><br>                    *Plaintiff*,<br><br>          v.<br><br>BERKELEY HEIGHTS POLICE DEPARTMENT, MICHAEL P. MATHIS, Chief of Police of the Berkeley Heights Police Department, in his individual capacity, MICHAEL DELIA, Detective at the Berkeley Heights Police Department, in his individual capacity, JOHN DOE 1, Supervising Officer of Michael Delia, JOHN DOE 2, Berkeley Heights Police Officer in his individual capacity, THOMAS BOCKO, Zoning Officer of Berkeley Heights, in his individual capacity, JACK SILVERMAN REALTY & MORTGAGE CO., L.L.C., BERKELEY REALTY PARTNERS 244, LLC, JACK SILVERMAN, in his individual capacity, WILLIAM SILVERMAN, in his individual capacity, FISCHER, PORTER & THOMAS, P.C., ARTHUR PORTER, JR., partner in Fischer, Porter & Thomas, P.C., in his individual capacity, ROBERT DOWLING, in his individual capacity, and JACK DOWLING, in his individual capacity,<br><br>                    *Defendants*. | Civil No. 14-6196 (KSH) (CLW)<br><br><br><br><br>__OPINION__ |

__Katharine S. Hayden, U.S.D.J.__

Before the Court are two motions.  The first is a motion (D.E. 52) filed by plaintiff Victor Mondelli seeking reconsideration of the Court's 19 page decision (D.E. 50, 51) to grant three separate motions to dismiss (D.E. 18, 22, 25) and to close this case.  In its opinion the Court found that most of the claims asserted against the Berkeley Heights Municipal Defendants[1] were barred

---

[1] There are three sets of defendants involved in this case:  (1) the "Attorney Defendants" consisting of Arthur L. Porter, Jr. Esq. and Fischer, Porter & Thomas, P.C.; (2) the "Realty Defendants" consisting of Jack Silverman

**Not for Publication**

by the *Rooker-Feldman* doctrine, and that any remaining claims were insufficiently pled with defects so severe that they could not be cured.  (D.E. 50 ("Opinion").)  The second motion (D.E. 56) was filed by the Attorney Defendants seeking sanctions under Federal Rule of Civil Procedure 11.  As the parties are familiar with the factual allegations in this case, the Court need not recount them and deals with the substance of each motion in turn.

## I.     MOTION FOR RECONSIDERATION

### a.  Legal Standard

New Jersey District Court Local Civil Rule 7.1(i) permits a litigant to seek reconsideration of a prior decision.  The commentary to the Rule states:

> There is no express provision in the Federal Rules of Civil Procedure for reconsideration of a judicial decision.  The closest federal rule is Fed. R. Civ. P. 59(e), which allows a court to "alter or amend" a judgment.  In this district, however, L. Civ. R. 7.1(i) creates a specific procedure by which a party may, within 14 days of entry of an order, ask either a District Judge or a Magistrate Judge to take a second look at any decision "upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision."

L. Civ. R. 7.1, cmt. 6 (citations omitted).

Such a motion is intended to "correct manifest errors of law or fact or to present newly discovered evidence."  *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (internal quotation marks omitted).  The standard is high; reconsideration is not an opportunity for a party to "relitigate the case."  *OR v. Hunter*, 576 F. App'x 106, 110 (3d Cir. 2014).  Nor is a motion for reconsideration an alternative to the appellate process, and one that

---

Realty & Mortgage Company, LLC, Silverman Realty owners, Jack Silverman and William Silverman, and Berkeley Realty Partners 244, LLC; and (3) the "Berkeley Heights Municipal Defendants" consisting of Berkeley Heights Police Department, Chief of Police Michael P. Mathis, Detective Michael Delia, Zoning Officer Thomas Bocko, and Police Officers John Doe 1 and John Doe 2.  For ease, the Court will continue to refer to the groups by these previously prescribed labels. (D.E. 50 at 1-2)

Not for Publication

merely raises "a difference of opinion with the court's decision" must be denied.  *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp.2d 681, 683 (D.N.J. 2005) (Thompson, J.).

A party demanding reconsideration must establish one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

### b. Analysis

Mondelli appears to rely on the third ground, taking the position that the Court's decision overlooked material issues of fact and law.  (D.E. 52.)  He makes three arguments:

(1) the Court incorrectly applied the *Rooker-Feldman* doctrine as a means of retaliating for his attorney's appeal in a wholly separate case—*Mazzetti v. Wood*, 573 F. App'x 165 (3d Cir. 2014);

(2) the Court overlooked the fact that the Realty and Berkeley Heights Municipal Defendants did not obtain a warrant of removal or a writ of possession, as detailed in the complaint (D.E. 1), paragraphs 55, 69, 70, 71, 73, 85;[2] and

(3) the Berkeley Heights Municipal Defendants threatened to arrest Mondelli for resisting repossession, and so they were not merely neutral bystanders under *Mitchell v. Gieda*, 215 F. App'x 163, 166 (3d Cir. 2007).

Before assessing each of these arguments, the Court notes that Mondelli failed to present any reasons why the Court should reconsider its decision to dismiss the Attorney Defendants.

---

[2] Throughout Mondelli's brief in support of his motion for reconsideration (D.E. 52), he refers to the controlling complaint as the "Amended Complaint."  The Court notes that no amended complaint was filed in this case.  As Mondelli does not provide a citation to the document he refers to as the "Amended Complaint" the Court must assume that he is referencing Docket Entry 1, and bases this opinion, like the previous opinion, on that complaint.

**Not for Publication**

Accordingly, the Court examines only whether it should reconsider its decision to dismiss the claims against the Realty and Berkeley Heights Municipal Defendants.

The Court rejects Mondelli's unsupported argument that this Court was retaliating because his lawyer had appealed its decision in a wholly separate proceeding— *Mazzetti v. Wood*, 573 F. App'x 165 (3d Cir. 2014).[3]  As to substance, a reconsideration motion cannot succeed if the Court is asked simply to rethink its application of the *Rooker-Feldman* doctrine. *Durand v. FedEx*, 2015 WL 140215, at *1 (D.N.J. Jan. 12, 2015) (Martini, J.) ("Local Rule 7.1(i) does not permit a court to rethink its previous decision.").  As Mondelli has otherwise failed to cite any new cases or other authorities, or to show that the Court overlooked any fact or law in its application of *Rooker-Feldman*, the Court denies the motion for reconsideration on this ground.

As to the second argument that certain paragraphs in the complaint were overlooked, the Court refers Mondelli to pages 15 and 16 of its opinion.  There paragraphs 69, 70, 71 and 73 are referenced and the opinion explains that this portion of the complaint merely alleges infirmities in the underlying state court judgment, and that it is therefore outside of the Court's subject matter jurisdiction.  These allegations, along with those presented in paragraphs 55 and 85, concern issues over the warrant of removal and writ of possession, all of which are part and parcel of the Court's decision that:

> [the Berkeley Heights Municipal Defendants] were taking steps to enforce the rights of the Realty Defendants, which they gained when they prevailed in the Chancery Court litigation.  Giving any credence to the constitutional torts alleged of necessity requires this Court to ignore, disagree with, overrule, or otherwise do violence to the judgment in state court that vested title to the Commercial Property in Silverman Realty.

---

[3] This Court's decision in *Mazzetti* was appealed to the Third Circuit, which remanded and reversed the Court's decision, instructing the Court to consider and apply the four-part test from *Great Western Mining and Mineral Co. v. Fox Rothschild*, 615 F.3d 159 (3d Cir. 2010).  In this case the Court used that four-part test to apply the *Rooker-Feldman* doctrine and on that basis held that no subject matter jurisdiction exists.

**Not for Publication**

…

> While full of allegations of constitutional harm, the complaint does
> not allege any injuries other than the loss of property, and the loss
> of property was occasioned by the judgment entered in the state
> court proceedings.

In its detailed opinion the Court fully considered the facts surrounding Mondelli's possession of

and property rights in the garden stand, and it will not revisit them here.  (Opinion at 4-7, 14-17.)

As for the final argument in support of reconsideration, the Court has not overlooked the

fact that at some point Mondelli was threatened with arrest.  Nor did the Court overlook or

incorrectly apply *Mitchell v. Gieda*, 215 F. App'x 163, 166 (3d Cir. 2007).  Rather, in its

application of *Mitchell*, the Court observed that:

> Without facts alleging that the police were active participants in the
> property removal or that the police used authority to remove the
> property, this case, like *Mitchell,* does not allege the "critical
> involvement" needed to find state action on the part of the police.

(Opinion at 11, 15-16.)  As pled, Mondelli was not present at the time of repossession and therefore

any threats to arrest him for trespass were not made at that time.  No facts were presented in the

complaint, or as part of this motion, to show anything other than "mere presence of police at the

scene of a private repossession," which does not "constitute state action causing a deprivation of

a protected property interest." *Abbot v. Latshaw*, 164 F.3d 141, 147 (3d Cir. 1998).  Mondelli has

presented no reasons why this Court should reconsider its prior decision.

## II.    MOTION FOR SANCTIONS

In the other motion before the Court (D.E. 56), the Attorney Defendants seek sanctions

under Rule 11 because Mondelli's claims are not based in fact or law and are altogether frivolous.

"[S]anctions are to be applied only in the exceptional circumstance where a claim or motion is

patently unmeritorious or frivolous." *Anderson v. Bd. of Sch. Directors of Millcreek Twp. Sch.*

Not for Publication

*Dist.*, 574 F. App'x 169, 175 (3d Cir. 2014) (citing *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account,* 618 F.3d 277, 297 (3d Cir.2010)) (internal quotations omitted).

In examining the § 1983 claims against the Attorney Defendants, the Court considered whether the attorneys were acting solely in their capacity as private counsel or whether they could be acting under color of state law.  The law is well established that "private attorneys acting on behalf of their clients are not State actors." *Williams v. Dark*, 844 F. Supp. 210, 213 (D.E.Pa. 1993), *aff'd*, 19 F.3d 645 (3d Cir. 1994); *see also Polk County v. Dobson*, 454 U.S. 312, 325 (1981).  The allegations were such that the Court easily ruled that Mondelli failed to demonstrate that the Attorney Defendants acted outside of their traditional role as counsel, noting Mondelli made "sweeping and unsubstantiated allegation" that the Attorney Defendants were involved in some sort of conspiracy. The Court properly disregarded Mondelli's "bare" and "unsupported conclusion" to this point.   (Opinion at 9.)

That said, the Court will not impose sanctions under Rule 11.  Rather than being convinced it is "painfully obvious" that Mondelli's cause of action against these particular defendants was "frivolous, legally unreasonable, or without factual foundation," *Clement v. Pub. Serv. Elec. & Gas Co.*, 198 F.R.D. 634, 637 (D.N.J. 2001) (Orlofsky, J.), the Court is satisfied that the legal basis for Mondelli's lawsuit against them is simply wrong.  Even being dead wrong does not necessarily ring in sanctions.

## CONCLUSION

For the foregoing reasons, the Court denies Mondelli's motion for reconsideration.  The Court also denies the Attorney Defendants' motion for sanctions.  An appropriate order will be entered.

/s/ Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.

Date: September 14, 2016